WILLIAMS, Judge.
Plaintiff, Patricia Church Teasdel, appeals the trial court’s dismissal of her Rule Nisi for permanent alimony wherein she alleges a change in circumstances subsequent to her previous suit before this Court in Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir.1984).
In Teasdel, supra this court affirmed the trial court’s judgment terminating Mr. Te-asdel’s alimentary obligations and the grant to Mrs. Teasdel rehabilitative alimony in the sum of five hundred dollars ($500.00) per month for a period of one year. We concluded:
“... The trial judge did not err, under the facts of this case in requiring Mrs. Teasdel to seek employment. The law provides that earning capacity is a factor to be considered in evaluating one’s entitlement to alimony. Since Mrs. Teasdel is clearly capable of providing for her needs by working, she is not in a position to allege that she does not have sufficient means for her support unless and until she avails herself of her ability to provide for her own support.” Id. at 890.
Mrs. Teasdel alleges that despite diligent efforts to secure employment she has been unable to do so because of continuing complications from jaw surgery.
Mrs. Teasdel has twice undergone surgery for a fractured jaw — March and November, 1983. She complains of persistent numbness in her jaw which she attributes to nerve damage. She stated that after prolonged conversation or smiling, her jaw fatigues; thus causing her to drool or her lip to tremble.
The trial court found that her jaw condition did not render her incapable of employment and she had failed to avail herself of training opportunities or had made a reasonable effort to find employment.
The sole issue for review is whether Mrs. Teasdel’s condition constitutes a change in circumstances since the time we decided Teasdel,[1]
After reviewing the facts adduced at the second trial, we cannot find that the trial court abused its discretion and affirm the dismissal of Mrs. Teasdel’s rule.
In the area of domestic relations, the factual findings of the trial court are to be accorded very substantial weight on review and we will not disturb those findings unless they are clearly wrong. Pearce v. Pearce, 348 So.2d 75 (La.1977); Teasdel, supra.
The only change of circumstances reflected in the record is that Mrs. Teasdel’s circumstances have actually improved since the time we first decided this ease. Mrs. Teasdel had just undergone surgery when the first trial was held. She has now recovered from the surgery and appears to suffer only minor residual numbness. Mrs. Teasdel admitted that no medical doctor has informed her that complications from her surgery render her incapable of employment. Furthermore, there is a total absence of any evidence tending to prove that her condition is the type which substantially hinders her ability to perform in the workplace.
Testimony was offered pertaining to Mrs. Teasdel’s ability to work. Patricia Ann Knight, a vocational evaluator and rehabilitation consultant, testified that she found Mrs. Teasdel to be articulate, well-groomed and presentable. It was Knight’s opinion, based on her observations, that Mrs. Teasdel was quite capable of performing entry-level employment.
In reaching its decision, the trial court apparently felt that Mrs. Teasdel’s condi *679 tion had not adversely affected her ability to work nor did the results of the surgery noticeably detract from her general appearance. While we do feel sympathy for Mrs. Teasdel’s condition and believe that it has caused her some discomfort, a review of the record fully supports the judgment of the trial court.
The trial court also found that Mrs. Teas-del failed to avail herself of her ability to provide for her own support. She was first ordered in May, 1983, to prepare for a transition to employment. From that time until October, 1984, she has had nine job interviews. While we recognize that Mrs. Teasdel’s job search was delayed by the November, 1983, operation, and we accept her testimony that it took three months for her to fully recover, we find it astonishing that in a span of five months from June-October, 1983, well past the three month recovery period, she scheduled only two job interviews. Rather than seeking training at the numerous public and private vocational and technical schools in the area, some of which offer free training, and rather than approaching public and private employment agencies, she has sought employment sporadically without any apparent concern for improving her job skills.
Mrs. Teasdel has alternative means of support. At the trial, Mr. Teasdel introduced the Will of Mrs. Teasdel’s father, Harold B. Church, which shows that Mr. Church left an estate valued in excess of $350,000.00. One-half of that estate is subject to a testamentary trust naming Mrs. Teasdel as a beneficiary for whom the trustee has discretion to make payments to provide for her education, maintenance and welfare. Furthermore, she has a home in a desirable section of old Metairie which could provide a substantial source of income if she chose to sell it to defray educational or living expenses. Accordingly, the record fully supports the trial court’s refusal to grant permanent alimony.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal to be borne by appellant.
AFFIRMED

. Mr. Teasdel argues that under La.C.Civ.Pro. art 1467, Mrs. Teasdel’s failure to timely respond to his request for admissions of fact that complications from jaw surgery do not render her incapable of employment is deemed to be admitted. Out of an abundance of caution, we choose to review the facts presented at trial.