573 So.2d 620 (1991)
William Alan MARTIN, Plaintiff/Appellee,
v.
Glenda Abney MARTIN, Defendant/Appellant.
No. 22095-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
Stephen A. Glassell, Shreveport, for plaintiff/appellee.
Mills, Timmons & Flowers by David C. Turansky, Shreveport, for defendant/appellant.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Glenda Abney Martin, appeals from that portion of a trial court judgment limiting for a period of one year her right to receive post-divorce alimony from the plaintiff, William Alan Martin. For the following reasons, we reverse the trial court judgment.

FACTS
The plaintiff, William Alan Martin, and the defendant, Glenda Abney Martin, were married in 1967. Two children were born of the marriage. On December 14, 1988, Mr. Martin filed suit for separation. On *621 January 26, 1989, a judgment of separation was entered, awarding the parties joint custody of the one child who was still a minor. Mrs. Martin was awarded alimony pendente lite and child support.
On July 25, 1989, Mr. Martin filed suit for divorce based upon the parties having lived separate and apart for a period in excess of one year. Mrs. Martin reconvened, seeking child support and post-divorce alimony.
On November 20, 1989, trial was held in the divorce action. The court also considered the defendant's claim for child support and permanent alimony. Mrs. Martin contended that she was without fault in causing the break up of the marriage. She also contended that she was in need of child support and post-divorce alimony. Mrs. Martin testified that she was employed at a department store earning approximately $800 per month and was working toward becoming certified as a school teacher. Mrs. Martin had earned a college degree many years previously in English and Spanish. Shortly after her graduation from college, Mrs. Martin had worked as a school teacher. However, she did not have a teaching certificate, nor had she taken the National Teachers Examination, both of which are now required for employment in the public school system. After her separation from Mr. Martin, Mrs. Martin went back to college in order to take the education courses required to obtain a teaching certificate. At trial, Mrs. Martin testified that she was in the process of taking a four-part National Teachers Examination and hoped to become employed as a public school teacher in the school system of either Caddo Parish or Bossier Parish.
At the conclusion of the trial, the court rendered judgment in favor of Mr. Martin, granting a divorce. The court maintained joint custody of the couple's minor child and directed that Mr. Martin pay child support. Mrs. Martin was found to be free from fault and she was awarded $545 per month in post-divorce alimony. However, the court limited the time during which Mrs. Martin was to receive post-divorce alimony. The court ordered that Mrs. Martin's post-divorce alimony was to run "until November 20, 1990 or until such time as she may receive her certificate to begin teaching and has in fact begun teaching, or thirty days after her certification has been approved whichever comes first."
Mrs. Martin appealed that portion of the trial court judgment setting a cut-off date for her post-divorce alimony. She claims the trial court erred in setting an arbitrary termination date for post-divorce alimony. Rather, she contends that she is entitled to an award of permanent alimony. She contends that in the future, if she no longer needs post-divorce alimony or if a decrease is warranted, Mr. Martin has the burden of seeking such a modification or termination of the award.

DISCUSSION
The granting of alimony after divorce is governed by LSA-C.C. Art. 160 which provides:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;

*622 (f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
B. (1) The court may award alimony in lump sum in lieu of or in combination with permanent periodic alimony when circumstances require it or make it advisable, and the parties consent thereto. In determining whether to award lump sum alimony, the court shall consider the needs of the claimant spouse and the financial condition of the paying spouse. In awarding lump sum alimony in lieu of or in combination with permanent periodic alimony, the court shall consider the criteria enumerated in Paragraph A of this Article, except the limitation to one-third of the paying spouse's income, in determining entitlement and amount of alimony.
(2) A lump sum award may consist of immovable or movable property or may be a monetary award payable in one payment or in installments.
(3) A judgment which awards lump sum alimony shall vest in the claimant spouse a right which is neither terminable upon either spouse's remarriage or death, nor subject to modification.
As can be seen from this provision, one factor to be considered in determining entitlement to an amount of alimony after divorce is the time necessary for the recipient to acquire appropriate education, training, or employment. LSA-C.C. Art. 160(2)(e). This is a valid consideration and a former spouse may not have an unlimited time to seek training and employment. Geter v. Geter, 404 So.2d 1283 (La. App. 2d Cir.1981); Johnson v. Johnson, 442 So.2d 901 (La.App. 3rd Cir.1983), writ denied 445 So.2d 451 (La. 1984).
However, the jurisprudence does not provide clear guidance as to the propriety of setting a termination date at the time post-divorce alimony is awarded. Mrs. Martin relies on the case of Hegre v. Hegre, 483 So.2d 920 (La.1986) to support her argument that the trial court erred in imposing a termination date for her award of post-divorce alimony.
In Hegre v. Hegre, 483 So.2d 920 (La. 1986), the trial court awarded an ex-wife permanent periodic alimony after divorce. The appellate court amended that award to provide that alimony would terminate one year from the date of the appellate court opinion. The ex-wife was approximately 50 years old and, more than 20 years prior to her divorce, had been briefly employed as a nurse. At the time of the divorce, the ex-wife's accreditation as a registered nurse had lapsed and the evidence showed that, in light of the ex-wife's age and the fact that her nursing accreditation was no longer effective, she was virtually unemployable. The Louisiana Supreme Court found that the facts present in Hegre did not warrant the imposition of an arbitrary one-year cutoff period for permanent periodic alimony.
In Hegre v. Hegre, supra, the Louisiana Supreme Court apparently based its decision, in part, on the difference between permanent periodic alimony and lump sum alimony, which are referred to in LSA-C.C. Art. 160. The court noted that the term "permanent periodic alimony" is used in contrast to "lump sum alimony." The court stated that permanent periodic alimony is alimony paid periodically rather than alimony which terminates after a certain period. Only lump sum alimony, which requires the consent of the parties, provides for termination after a certain period of time. Permanent periodic alimony is distinguishable and would not be permanent or periodic if a time limit were imposed. The court held that the appellate court was in error in its interpretation of LSA-C.C. Art. 160 and in specifying that its award of *623 "permanent periodic alimony" would terminate after a specified period of time.
In Hegre, supra, the Supreme Court also noted that, under the trial court judgment, which did not establish a termination date, if a change of circumstances occurred in the future, the burden would be on the ex-husband to prove that his former spouse was no longer in need of alimony. However, under the appellate court decision, which imposed a termination date, the former wife would be required to prove that she was still in need of alimony at the end of the arbitrary one-year period. The court noted that this shift in the burden of proof had not been adopted by the Louisiana legislature. Therefore, based upon the court's interpretation of LSA-C.C. Art. 160, and in light of the facts presented in the case, the Louisiana Supreme Court reversed and set aside the imposition of a one-year termination date for the permanent periodic alimony.
In Teasdel v. Teasdel, 493 So.2d 1165 (La.1986), the Louisiana Supreme Court found that an ex-wife was in need of post-divorce alimony after a one-year termination date had been established by the trial court and approved by the appellate court. Accordingly, the Supreme Court reversed the appellate court decision.[1]
The court reinstated the former spouse's post-divorce alimony award. In commenting on the trial and appellate court action in Teasdel, the Louisiana Supreme Court stated that there was no specific provision in Louisiana law for "rehabilitative alimony."[2]
The Louisiana Supreme Court has also disapproved the imposition of a time limitation for an award of alimony pendente lite. In Lindner v. Lindner, 506 So.2d 609 (La. App. 4th Cir.1987), the wife was trained and had recently been employed as a dental hygenist. The trial court awarded her a certain amount of alimony pendente lite for 90 days. At the end of the 90 day period, the award was to be decreased by almost two-thirds. The appellate court upheld this award. Lindner v. Lindner, supra. The Louisiana Supreme Court granted writs and amended the trial court judgment to delete the reduction of alimony pendente lite after the 90 day time limit. Lindner v. Lindner, 508 So.2d 57 (La.1987).
In the present case, we find that the trial court erred in imposing a one year time limitation upon Mrs. Martin's receipt of post-divorce alimony. As noted above, in Teasdel v. Teasdel, supra, the Supreme Court stated that there is no specific provision for rehabilitative alimony in Louisiana, Further, as discussed in Hegre v. Hegre, supra, the only two types of post-divorce alimony are permanent periodic alimony and, by consent of the parties, lump sum alimony. Only the lump sum provision, allows a time limitation.[3]
In 1980, the legislature specifically considered the issue of time limits on alimony and rejected the idea of incorporating such a scheme into our law. La.S.B. 806 6th Reg.Sess. (1980). Also, as noted in Hegre v. Hegre, supra, imposing such a time limitation causes an impermissible shift in the burden of proof from the paying spouse to the recipient spouse, requiring the latter to establish the need for continuing alimony payments.
Based upon the lack of statutory authority for imposing time limitations upon permanent periodic post-divorce alimony, and *624 in light of the decisions of the Louisiana Supreme Court disapproving the imposition of such time limits, we must reverse the trial court judgment imposing such a time limit in the present case.
We also find that it was factually inappropriate for the trial court to impose a time limit on Mrs. Martin's receipt of permanent periodic alimony. Although it was shown that she had completed additional college level courses and was in the process of taking the National Teachers Examination, the evidence also showed that Mrs. Martin might be required to do some student teaching before she could be fully employed. Also, there was no showing that after completing her training and accreditation, there would be any teaching positions available to her. Therefore, the one year cut-off date for post-divorce alimony in this case is in part as arbitrary as the imposition of such a time limit in Hegre v. Hegre, supra. However, if circumstances change, Mr. Martin is free to seek a reduction or termination of permanent periodic alimony. At that time, the trial court may again consider, along with the other factors in LSA-C.C. Art. 160, whether Mrs. Martin has had sufficient time to acquire "education, training, or employment." See Hegre v. Hegre, (Lemmon, J., concurring) supra.

CONCLUSION
For the reasons expressed, we reverse and delete that portion of the trial court judgment setting a termination date for the permanent periodic alimony of the defendant, Glenda Abney Martin. Accordingly, the plaintiff, William Alan Martin, is ordered to continue to pay post-divorce alimony to the defendant, Glenda Abney Martin, in the amount of $545 per month, subject to the plaintiff's right to seek modification or reduction of this award based upon a change of circumstances. Costs in this court and in the court below are assessed to the plaintiff, William Alan Martin.
REVERSED AND RENDERED.
NOTES
[1] Teasdel v. Teasdel, 482 So.2d 677 (La.App. 4th Cir.1985).
[2] In a footnote, the Louisiana Supreme Court cited Spaht, Developments in the Law, 1979-1980Rehabilitative Alimony, 41 La.L.Rev. 372 (1981), in which the author suggested that LSA-C.C. Art. 160(2)(e) provided authority for rehabilitative alimony in this state without a specific statutory provision. The court apparently rejected this view.
[3] Appellate court decisions handed down after Hegre v. Hegre, supra and Teasdel v. Teasdel, supra have not uniformly dealt with the issue of time limitations on permanent alimony. In Cenac v. Cenac, 538 So.2d 646 (La.App. 1st Cir. 1988), the court expressly chose not to address the issue of the propriety of imposing a time limit on permanent alimony. In Rovira v. Rovira, 550 So.2d 1237 (La.App. 4th Cir.1989), the court imposed a time limit on permanent alimony. No authority was cited. In Rovira v. Rovira, 552 So.2d 398 (La.1989), writs were denied. However, we are unaware of the basis for the writ application or the reasoning for the writ denial.