692 So.2d 705 (1997)
Angela Rider MONTOU, Plaintiff-Appellant,
v.
Leo Craig MONTOU, Defendant-Appellee.
No. 96-1463.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
*706 Angela Rider Montou, pro se.
Joel Gerard Davis, Oakdale, for Leo Craig Montou.
Leo Craig Montou, pro se.
Before DECUIR, AMY and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal from the trial court's judgment setting Leo Craig Montou's child support payments and the amount he is to reimburse Angela Rider Montou for their daughter Megan's extraordinary medical expenses. We affirm in part, reverse in part, and remand for further proceedings.

FACTS
On September 15, 1995, Angela filed a Rule to Increase Child Support based on Leo's obtaining employment with the Immigration and Naturalization Service (INS) which increased his income substantially. At the February 4, 1996 hearing, the trial court also addressed issues concerning the payment of extraordinary medical expenses: eyeglasses and braces for Megan.
On February 22, 1996, the trial court issued written reasons, finding Leo's adjusted gross income to be $30,000.00 and Angela's to be $20,700.00 which resulted in a combined adjusted monthly gross income of $4,225.00. The trial court then calculated Leo's support obligation to be $358.13. However, the trial court ordered him to pay only $300.00 per month for the following reasons: (1) the time Megan spends in the actual custody of Leo; (2) the legal obligation Leo has to support the two children from his present marriage; and (3) Leo was ordered to and is providing medical coverage for Megan. On the issue of extraordinary medical expenses, the trial court found that Angela ordered the eyeglasses and the braces without the consultation or agreement of Leo. Finding both the eyeglasses and the braces to be necessary and extraordinary medical expenses, the trial court ordered Leo to pay one-half of the cost of the eyeglasses, but only one-half of the lowest estimate for the braces. From this judgment, Angela appeals.

ASSIGNMENTS OF ERROR
Angela asserts the following assignments of error:
1. The trial court erred in excluding the overtime income of LEO CRAIG MONTOU from the gross income calculation when the overtime work was a regular and substantial portion of his annual income.
2. The trial court erred in deviating downward from the guidelines in the order of child support.
3. The trial court erred in ordering that LEO CRAIG MONTOU pay his share of the minor child's orthodontic expenses based on a lower estimate rather than on the actual cost incurred.

OVERTIME
The trial court found that Leo's gross income was $30,000.00 per year. He also acknowledged that in the first three years of his employment with the INS, Leo earned approximately $13,000.00 to $18,000.00 *707 annually in overtime in addition to his base pay. However, the trial court did not include the overtime in Leo's gross income for the purposes of determining child support because of the uncertainty of the amount and the fact that there is no guarantee that he will get overtime in the future. We disagree. La.R.S. 9:315(4)(d)(iii) provides that "gross income does not include: ... [e]xtraordinary overtime ... regardless of its percentage of gross income when, in the court's discretion, the inclusion thereof would be inequitable to a party." We do not find the overtime income earned by Leo to be extraordinary. From the testimony of Leo and his supervisor, Joel Colletti, it appears that the overtime earned by INS agents is hardly a rarity. Leo testified that he earned $47,959.00 in 1993, $46,652.00 in 1994, and approximately $43,000.00 in 1995. This represents significant and continuous overtime income. Additionally, Colletti testified that although there is no guarantee that an agent in the INS will get overtime, it is part of the job. Furthermore, he stated the INS has instituted a plan whereby the overtime is distributed evenly among the agents. Clearly, this does not indicate a scenario wherein overtime is "extraordinary." Even though Leo's overtime income is decreasing, we find that the trial court committed manifest error by excluding it in the calculation of his gross income. Because the trial court is in the best position to consider the decreasing nature of the overtime pay, and for other reasons assigned below, we remand to the trial court for further proceedings consistent with this opinion.

DEVIATION FROM CHILD SUPPORT GUIDELINES
La.R.S. 9:315.1 reads in pertinent part:
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court's considerations may include:
....
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
....
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
"Deviations by the trial court from the guidelines set forth in this Part shall not be disturbed absent a finding of manifest error." La.R.S. 9:315.12.1. However, in order to deviate from the child support guidelines, the record must contain oral or written reasons for the deviation, which are supported by the record. McDaniel v. McDaniel, 95-1314 (La.App. 3 Cir. 3/6/96); 670 So.2d 767.
From the evidence in the record and the relatively small deviation from the child support guidelines (approximately 16%), we cannot say that the trial court abused the discretion afforded it by the statute. However, because we are remanding this matter to the trial court for a determination of Leo's child support obligation, we require the trial court to review the deviation under the appropriate statutes and give written or oral reasons for its deviation.

EXTRAORDINARY MEDICAL EXPENSES
La.R.S. 9:315.5 provides that "[b]y agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation."
During the hearing, Angela asserted that she should be reimbursed for half of the cost of Megan's eyeglasses and braces. The trial court agreed that Leo should pay half the price of the eyeglasses, but found that he was only responsible for $1,150.00, one-half *708 the estimate obtained by Angela from Dr. J.A. Bankston, of the $3,360.00 actual cost of the braces. This figure was chosen because the trial court found that Angela incurred this cost without conferring with Leo when she chose Dr. Coreil to do the dental work over Dr. Bankston, who was not only competent but gave the lower estimate ($2,300.00). We agree. We do not find that the determination by the trial court that Angela incurred this cost without the agreement of Leo nor its decision to cast him with half the lower estimate to be manifestly erroneous. As such, we find this assignment of error to be without merit.

CONCLUSION
For the reasons assigned, the judgment of the trial court deviating from the child support guidelines and casting Leo Craig Montou, defendant-appellee, with one-half of the extraordinary medical expenses is affirmed. Further, the trial court's decision not to consider the overtime income of Leo Craig Montou in calculating the combined adjusted monthly gross income is reversed and remanded for further proceedings consistent with this opinion. Costs of this appeal are to be shared equally by both parties.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.