PLOTKIN, Judge.
Defendant, Andrew Toledano, seeks review of a trial court judgment setting his child support obligation at $448.44 per month, based on consideration of all of his 1996 salary, including overtime. We modify the judgment to set Mr. Toledano’s child support obligation at $325 and affirm as amended.

Facts

On January 11, 1996, the State of Louisiana filed suit on behalf of Constance Mitchell and Brittany Mitchell (a minor child) against Mr. Toledano, seeking to establish paternity and child support obligations. Mr. Toledano stipulated paternity prior to trial, leaving the calculation of the child support obligation as the only issue for trial.
At Mr. Toledano’s request, the trial court limited its consideration of Mr. Toledano’s income to that received during 1996, the year immediately preceding trial. The records presented at trial indicated that Mr. Toleda-no earned $33,605.93 in 1996; however, some $11.922.92 of his earnings were attributed to [ govertime pay. Both Mr. Toledano, who worked as an engineer at the Holiday Inn Crowne Plaza in New Orleans, and his supervisor, chief engineer Norman Taylor, testified the overtime pay earned by Mr. Toleda-no in 1996 was uncommon, resulting from two unusual facts: (1) the Crowne Plaza had failed an inspection, requiring the correction of several problems in order to bring the hotel back up to required standards, and (2) the engineering department was short of qualified engineers in 1996. The problems were rectified just prior to trial, they testified. Moreover, their testimony indicated that a new engineer had been hired and that his training period had ended just prior to trial.
The evidence presented indicated that Mr. Toledano had often worked as much as 60 hours per week during 1996. However, at the time of trial, Mr. Toledano was scheduled to work only 32 hours per week. Mr. Taylor testified that he was the only person who could assign overtime to Mr. Toledano, and that he did not anticipate any overtime in the years following 1996. Thus, Mr. Taylor said, Mr. Toledano cannot be expected to earn comparable overtime pay in the years following 1996. If any overtime occurs during the coming years, he said, it would be in response to an emergency, probably no more than three times a year.
Using Mr. Toledano’s entire salary for 1996, including overtime pay, the trial court calculated his support obligation at $448.44 per month based on approximately $33,000 of income in 1996. On appeal, Mr. Toledano argues that his child support obligation should have been calculated on his base salary of approximately $22,000, and that his overtime was “extraordinary” under the provisions of LSA-R.S. 9:315(4)(d)(iii). The propriety of the trial court’s decision to include Mr. Toledan’s overtime pay in the calculation *681 of his child support obligation is the sole issue raised on appeal.

IsElements for determining child support obligation

LSA-R.S. 9:315 defines “gross income” for purposes of calculation of child support obligations as “[t]he income from any source, including but not limited to salaries, wages, commissions, bonuses.” LSA-R.S. 9:315(4)(a), (d). However, “gross income” expressly does not include “[extraordinary overtime or income attributed to seasonal work regardless of its. percentage of gross income when, in the court’s discretion, the inclusion thereof would be inequitable to a party.” LSA-R.S. 9:315(4)(d)(iii).
The above-quoted provisions established a two-step analysis to be applied by a trial court when determining whether overtime pay should be included in a party’s “gross income” for purposes of calculation of a child support obligation. First, the court must determine whether the overtime is pay is extraordinary. Second, the trial court must determine whether including the overtime pay “would be inequitable to any. party.” Since the statute expressly gives the trial court discretion to determine the second question, this court may reverse a trial court’s calculation of a child support obligation only if the trial court abused its discretion in making the award.
The trial court failed to assign any written reasons of judgment; thus, it is impossible for this court to determine whether the trial court’s judgment is based on a finding that Mr. Toledano’s overtime pay is not “extraordinary” income or whether the trial court found that including the overtime pay, even though it was extraordinary was not inequitable to Mr. Toledano. Thus, this court must discuss both issues.

“Extraordinary” income

The seminal Louisiana case for determining whether overtime pay should be considered extraordinary for purposes of calculating a child support obligation is Montou v. Montou, 96-1463 (La.App. 3 Cir. 4/2/97), 692 So.2d 705. In Montou, the defendant, an IRS agent, earned overtime in varying amounts over a period of several years; moreover, the employer had a plan for the equitable distribution of overtime among employees. The court found that, under the circumstances of that case, overtime pay was not “a rarity,” and thus the defendant’s overtime pay should not be considered extraordinary. Id. at 707.
In the instant case, the defendant’s supervisor testified that the overtime pay received by Mr. Toledano in 1996 was directly attributable to a unique situation which would not be repeated in subsequent years. That fact distinguishes the instant case from the Montou case, where the overtime pay was a “expected and ordinary part of the job.” Id. at 707. According to the uncontradicted record evidence, Mr. Toledano cannot expect to receive overtime pay in the years following 1996; thus, the overtime pay is not an ordinary part of his job. Accordingly, Mr. Tole-dano’s overtime pay for 1996 was extraordinary.

Abuse of discretion

Next, this court must now determine whether the trial court abused its discretion in determining that inclusion of Mr. Toledano’s extraordinary overtime pay was not inequitable to Mr. Toledano under the facts and circumstances of this case. Extraordinary overtime pay is not automatically excluded from gross income for purposes of calculation of a child support obligation. See, e.g., Zatzkis v. Zatzkis, 632 So.2d 307, 318 (La.App. 4 Cir. 1993), writ denied, 94-0157, 94-0993 (La.6/24/94), 640 So.2d 1340, 1341, in which the court held that the | gdefendant’s annual bonus could be properly included, even though the bonus was not monthly and was not guaranteed.
“A trial judge’s order of support is entitled to great-weight and will not be disturbed on appeal absent a clear abuse of this considerable discretion.” State Through Department of Social Services v. Seals, 97-1508 (La.App. 4 Cir. 10/29/97), 701 So.2d 746, 748. In calculating Mr. Toledano’s gross income, the trial court relied on the most recent pay stub of the defendant, dated December 12, 199, approximately one month prior to trial. The stub showed year-to-date earnings of $33,605.93. Moreover, the evidence present *682 ed indicated that Mr. Toledano had received overtime pay every week during the year immediately preceding the hearing. The State argues that the trial court properly included the overtime pay in the calculation because it was the only evidence of Mr. Toledano’s actual income. Mr. Taylor’s testimony that Mr. Toledano would not be earning overtime during the subsequent years is purely “speculative,” the State argues. See Roberts v. Roberts, 95-1626 (La.App. 4 Cir. 6/5/96), 677 So.2d 1042, 1047. Mr. Toledano claims that the trial court erred in referring only to his pay check stub and failing to consider the uncontradicted testimony of his supervisor, Mr. Taylor.
Under the circumstances, we believe the trial court abused its discretion in including the overtime pay in its calculation of “gross income” for purposes of determining Mr. To-ledano’s child support obligation. This case is also distinguishable from Roberts, in which the court based it calculation of gross income on the defendant’s tax returns, rejecting the opinion of the defendant’s accountant concerning expected future income. The instant case involved the testimony of the defendant’s supervisor concerning the defendant’s chances of earning overtime pay in the years following the hearing. The defendant’s | esupervisor, unlike the accountant in Roberts, is in a unique position to know whether the defendant will actually receive overtime pay in the future.
In this case, the trial court’s inclusion of the overtime pay in Mr. Toledano’s gross income increased the base number from which his child support obligation was calculated by almost 50 percent, from $22,653.01 to $33,605.93. Accepting as true Mr. Taylor’s uneontradicted testimony that Mr. Tole-dano could not expect to receive overtime pay in the future, we find that including the 1996 overtime pay in the calculation of Mr. Toledano’s gross income was improper.
Under the child support guidelines established by LSA-R.S. 9:315.14, the correct calculation of Mr. Toledano’s child support obligation, based on his gross income of $22,653.01 in 1996, or 1887.75 per month, is $325. Thus, the trial court judgment is amended to set Mr. Toledano’s child support obligation at $325 per month. Otherwise, the judgment is affirmed.
AMENDED; AFFIRMED AS AMENDED.