732 So.2d 616 (1999)
Amy Gay DOUTHIT, Plaintiff-Appellee,
v.
Dany Ray DOUTHIT, Defendant-Appellant.
No. 31,713-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*617 Wayne E. Webb, Shreveport, Counsel for Defendant-Appellant.
James D. Hall, Bossier City, Counsel for Plaintiff-Appellee.
Before NORRIS, GASKINS and CARAWAY, JJ.
NORRIS, Chief Judge.
Dany Douthit filed this appeal challenging (1) a child support award which imputed his past overtime pay as part of his gross income and (2) the termination date of his alimony obligation. We affirm both rulings.

Facts
Amy and Dany were married on April 27, 1979, had two childrenJeremy Scott (9/28/83) and Julia Gay (7/26/88)and were divorced on September 5, 1991. In the judgment of divorce, Dany was ordered to pay child support of $658 per month, plus alimony of $542 per month "until such times as [Amy] completes her college education, receives her degree and obtains employment in that field or remarries."
On April 25, 1997, Amy filed a Rule for Contempt and to Make Past-Due Support Executory, for Increase in Child Support, and for Other Incidental Relief. Dany's child support obligation was increased to $1,116 per month on proof that his income had increased, mainly because he was working substantial overtime. On June 20, 1997, Dany filed for a New Trial arguing that his overtime pay should not be included in the child support calculation; *618 the motion was denied. Dany filed a Rule to Decrease Child Support on August 28, 1997 on grounds that there was a decreased availability of overtime; the claim was dismissed.
In January 1998, Dany accepted a promotion to foreman at his company, yielding an increase in his base pay but the loss of some $28,000 per year in overtime, as supervisory personnel did not normally work overtime. On March 5, 1998, due to this decrease, and the fact that Amy had graduated from college December 1997, Dany filed a Rule for Modification of Child Support and Termination of Alimony.[1]
At a trial on the merits, the trial judge calculated Dany's income using both his former base pay and overtime hours; the trial court further imputed a minimum wage income to Amy since she was currently working, which resulted in a slight reduction of Dany's child support obligation. The trial court terminated alimony as of the date of judicial demand, March 5, 1998.[2] Dany has appealed the amount of child support, claiming that he should not have been imputed with the higher overtime salary, and the termination date of the alimony.

Discussion: Child Support
In calculating a child support obligation, the obligor's gross income includes income from any source. La. R.S. 9:315(4)(a). Generally, extraordinary overtime is not included in income. La. R.S. 9:315(4)(d)(iii); State Department of Social Services v. Toledano, 97-1424 (La.App. 4th Cir. 5/13/98), 713 So.2d 679; Montou v. Montou, 96-1463 (La.App. 3d Cir.4/2/97), 692 So.2d 705. Furthermore, if a party is voluntarily unemployed or underemployed, the child support obligation shall be calculated based on a determination of the party's income earning potential. La. R.S. 9:315.9; Havener v. Havener, 29,785 (La. App.2d Cir.8/20/97), 700 So.2d 533; Gould v. Gould, 28,996 (La.App.2d Cir.1/24/97), 687 So.2d 685.
A child support obligation is subject to modification only when justified by the circumstances, and the party seeking the modification has the burden of proving that a change in circumstances has occurred since the fixing of the prior award. La. R.S. 9:311; McHale v. McHale, 612 So.2d 969 (La.App. 2d Cir.1993); McKenna v. Steen, 422 So.2d 615 (La.App. 3d Cir.1982), writ denied 429 So.2d 157 (1983); Hutto v. Kneipp, 627 So.2d 802 (La.App. 2d Cir.1993). However, proof of a change in circumstances does not justify the reduction where an obligor's inability to pay arises from his own voluntary actions. McHale v. McHale, supra; Hutto v. Kneipp, supra. A reduction of child support may be ordered on a showing by the party seeking the reduction that a change in circumstances has occurred; that the voluntary change of circumstances is reasonable and justified; that he or she is in good faith in not attempting to avoid his alimentary obligation; and his or her action will not deprive the child or children of continued reasonable financial support. Id. The trial court has wide discretion in determining credibility issues, and whether the obligor is in good faith in reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Havener v. Havener, supra; Gould v. Gould, supra.
According to Dany's income tax forms, for the past several years he has consistently worked substantial amounts of overtime, as such the overtime was not extraordinary. According to Dany and his plant manager, James Willis, Dany was offered a promotion which increased his base rate, but which would yield an overall decrease of approximately $28,000 per year from loss of overtime. Dany was not *619 required to take the promotion, and though it might "open doors," there was no guarantee that the promotion would yield any future benefits. Additionally, Mr. Willis stated that Dany was eligible for overtime in this new position. He did testify that the position did not historically work overtime, but he did not indicate that overtime was not available.
Dany testified that the reason he took the position was to decrease his work hours and spend more time with his family. Notably, Amy testified that since his promotion, not only did Dany not schedule more time with the children, he canceled a weekend visit. Additionally, the record shows that Dany is consistently behind on child support and has filed multiple rules to decrease his obligation, even during the time when he was working a large amount of overtime.
In sum, while Dany's promotion and change in income may qualify as a change in circumstances, the change was voluntary and the court could reasonably conclude that accepting a promotion that meant a loss of $28,000 annually was not reasonable. Additionally, the trial court could reasonably determine that based on Dany's past filing of rules to decrease his obligation while at the same time he was increasing his income, he was not in good faith but merely attempting to avoid his alimentary obligation. The trial court did not abuse its discretion in imputing Dany's past overtime pay as part of his salary in determining his child support obligation.

Alimony
Dany also appeals the date of the termination of his alimony obligation. According to the September 1991 judgment, he was ordered to pay permanent alimony "until such time as plaintiff [Amy] completes her college education, receives her degree and obtains employment in that field[.]" Dany contends that when Amy graduated from college and began doing substitute work, the alimony automatically ceased.
At the time of the judgment, alimony was governed by former La. C.C. art. 112 (as amended by La. Acts 1990, Nos. 1008 and 1009, effective 1/1/91). Under that article, post-divorce alimony was either permanent periodic alimony or lump sum alimony. Martin v. Martin, 573 So.2d 620 (La.App. 2d Cir.1991); Hegre v. Hegre, 483 So.2d 920 (La.1986). Lump sum alimony required the consent of the parties and could be paid in installments. Art. 112 B (repealed). Permanent periodic alimony, by contrast, was paid periodically, and continued until it was no longer necessary. Art. 112 A(4) (repealed). It could not be awarded subject to terms or conditions that would automatically extinguish the obligation. Martin v. Martin, supra; Hegre v. Hegre, supra. The paying spouse bore the burden of proving, usually by rule, that the alimony was no longer necessary. Id. The law did not recognize "rehabilitative alimony," in the sense of a temporary award made for the purpose of allowing the recipient a chance to get "back on her (or his) feet." Id.[3]
A special statute, La. R.S. 9:310, directs that any order for spousal support shall be retroactive to the filing of the petition, unless the court finds good cause to make it effective on some other date. R.S. 9:310 A, C. This statute applies to judgments that reduce or terminate support orders. Settle v. Settle, 25,643 (La. App.2d Cir.3/30/94), 635 So.2d 456, writ denied 94-1340 (La.9/16/94), 642 So.2d 194; Langley v. Langley, 96-0414 (La.App. 4th Cir. 9/18/96), 681 So.2d 25, writ denied 96-2489 *620 (La.12/6/96), 684 So.2d 935. The trial court has great discretion in fixing support awards. Settle v. Settle, supra; Faltynowicz v. Faltynowicz, 30,605 (La.App.2d Cir.6/24/98), 715 So.2d 90.
As noted, the 1991 judgment fixed terms and conditions for the termination of permanent alimony. For the reasons already discussed, these terms and conditions were not enforceable, and it was incumbent on Dany to file a rule and prove that permanent alimony was no longer necessary. Martin v. Martin, supra.[4] Dany filed such a rule on March 5, 1998. At the close of trial on April 15, the District Court simply stated that it would make the reduction effective on the date of judicial demand, March 5. The court merely applied the general rule, in which we perceive no error. Although Dany showed that Amy attained her degree in December 1997 and had done substitute work, the record shows that she has not yet passed the NTE, still lacks certification, and is working limited hours. We perceive no abuse of discretion in fixing the reduction on the date of judicial demand, March 5, 1998.

Conclusion
For the reasons stated, we affirm the trial court's calculation of Dany's child support obligation in that it imputed his past overtime wages as part of his salary. We additionally affirm the date of termination of Dany's alimony obligation as of March 5, 1998. Costs of appeal are assessed to appellant, Dany Ray Douthit.
AFFIRMED.
NOTES
[1] In the interim between Dany's rules Amy filed multiple Rules to Make Past Due Support Executory and for Contempt.
[2] The trial court additionally ordered licitation of community rental property, an issue which has not been appealed.
[3] The law now permits an award of "final periodic support" for the time necessary for the recipient to acquire appropriate education, training or employment. See La. C.C. art. 112 A(6), as amended by La. Acts 1997, No. 1078, effective 1/1/98. Act 1078 legislatively overruled Hegre v. Hegre, supra, and its progeny. Art. 112, Revision Comment (c). However, Act 1078 does not apply retroactively to the instant case. Act 1078, § 4; see also La. R.S. 9:386.
[4] For this reason we pretermit consideration of the parties' contention that the alimony terms in the judgment were "contractual."