STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1584


CHRISTINA RYALS EZERNACK

VERSUS

CHRIS MICHAEL EZERNACK


************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 56,583,
HONORABLE ROBERT E. BURGESS, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS.**


Kenneth N. Simmons
Attorney at Law
Post Office Box 490
Many, LA  71449
(318) 256-1275
COUNSEL FOR PLAINTIFF/APPELLEE:
    Christina Ryals Ezernack

James S. Seaman
Attorney at Law
860 Washington Street
Natchitoches, LA  71457
(318) 352-4449
COUNSEL FOR DEFENDANT/APPELLANT:
    Chris Michael Ezernack

PETERS, J.

Chris Michael Ezernack appeals a judgment of the trial court that denied his request for a reduction in his child support obligation and that imposed punishment upon him for his contempt of court. For the following reasons, we affirm the judgment in part and reverse it in part.

Chris Michael Ezernack and Christina Ryals (formerly Christina Ryals Ezernack) were married on June 27, 1998, and divorced by judgment dated August 23, 2004. Two children were born of the marriage, Nicholas Wade Ezernack and Brianna Lee Ezernack.

The litigation giving rise to this appeal began on October 9, 2003, when Christina filed for divorce and other relief. After a January 7, 2004 hearing, the trial court granted the litigants joint custody of the children, named Christina as custodial parent, ordered Chris to pay Christina $749.20 per month as child support, granted Christina the exclusive use of the community automobile (a 1999 Isuzu), and ordered Chris to pay the monthly installments of $376.94 on the note secured by the vehicle. The trial court reduced this judgment to writing on January 27, 2004.

The failure of Chris to pay the child support and the continued arguments concerning visitation privileges resulted in the litigants filing rules against one another. After a March 10, 2004 hearing, the trial court rendered judgment in favor of Christina, awarding her $2,147.60 in past-due child support and issuing an income assignment order to compel the payment of child support.

On July 14, 2004, Chris filed a second rule, seeking a decrease in his child support obligation. Christina responded to this rule by filing one of her own, seeking to have Chris held in contempt of court for failing to pay the automobile note as ordered. It seems that, rather than pay the note, Chris voluntarily surrendered the

vehicle to the finance company. The trial court heard these rules on August 23, 2004, the same day it granted Christina a divorce. With regard to the rules, the trial court rejected Chris' request for a reduction in child support and held him in contempt of court for failing to comply with the January 27, 2004 judgment. As punishment for the contempt, the trial court ordered that Chris pay Christina $750.00 as attorney fees and ordered that he be allocated the balance due on the note securing the surrendered automobile. Chris appeals this judgment, asserting two assignments of error.

### *Assignment of Error Number One*

In his first assignment of error, Chris asserts that the trial court erred in not reducing his monthly child support obligation. Chris had claimed a material change of circumstances as the basis for his reduction request, but the trial court rejected this assertion, finding that he was voluntarily underemployed.

The evidence establishes that Chris works for Weyerhaeuser Control and Support Services at its sawmill in Zwolle in Sabine Parish, a job he has held since 1999. From 1999 until early 2004, his income remained steady at approximately $40,000.00 per year. Part of that steady income was derived from overtime pay which his employer made available for all employees. According to Chris, he worked the overtime because he wanted Christina to stay home and take care of the children.

However, after the couple separated, and just one month after the trial court ordered him to pay child support and the automobile note, Chris stopped working overtime. The judgment rendered at the January 7, 2004 hearing provided that the child support payments were to begin retroactive to January 1, 2004. By the time Christina filed her rule for past-due child support in March of 2004, Chris had paid only $100.00 toward his child support obligation. This failure on Chris' part resulted

2

in the arrearage judgment of $2,147.60 and the income assignment order directed to his employer.

At the August 23, 2004 hearing, Chris explained that he had not paid the child support or the automobile note because his income had decreased to a point that he did not have the money to meet these obligations. The decrease was based totally on his unilateral decision to cease working overtime. When asked why he chose not to work overtime anymore, Chris' response was simply: "Why should I if I don't got to[?]" He more or less blamed Christina for his reduction in pay, saying, "I mean, she wanted out, that's what she gets." Chris admitted that his work status with Weyerhaeuser had not changed and that he still had the option of working overtime if he chose to do so.

With regard to the issue of modification of a support decree, La.R.S. 9:311(A) provides:

> An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.

The party seeking the modification has the burden of proving that a change in circumstances has occurred since the prior award was made. *Walden v. Walden,* 00-2911 (La.App. 1 Cir. 8/14/02), 835 So.2d 513. Additionally, if a parent "is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years." La.R.S. 9:315.11(A). In actions for reduction of child support, whether the obligor spouse is in good faith in ending or reducing his income is a factual determination. *McDaniel v. McDaniel,* 03-1763 (La.App. 3 Cir. 5/19/04), 878

3

So.2d 686. Voluntary unemployment or underemployment for purposes of calculating child support is a question of good faith on the part of the obligor spouse. *Romans v. Romans*, 01-587 (La.App. 3 Cir. 10/31/01), 799 So.2d 810.

Under analogous facts, the second circuit, in *Douthit v. Douthit*, 31,713 (La.App. 2 Cir. 3/31/99), 732 So.2d 616, found that evidence showing that the defendant had consistently worked substantial amounts of overtime for the preceding several years required a finding that such overtime was not extraordinary. In our present case, for almost the entirety of the marriage, Chris earned overtime on a regular basis. He discontinued his five-year overtime practice for the express and admitted purpose of avoiding court-ordered payments he deemed unfair. Chris' own testimony left the trial court no choice except to conclude that Chris was trying to avoid his alimentary obligation. The trial court concluded that Chris was voluntarily underemployed because he reduced his work hours and consequently his income. We find no manifest error in the trial court's determination in the present case that Chris became voluntarily underemployed, and we therefore find no merit in this assignment of error.

### *Assignment of Error Number Two*

In his second assignment of error, Chris complains that the trial court erred in imposing a part of the contempt of court punishment. As we appreciate Chris' argument, he does not contest the contempt finding or the award of attorney fees. Instead, he argues only that the allocation of the balance due on the automobile mortgage to his separate estate was improper in that it exceeded the trial court's authority in that regard. We agree.

4

The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in La.R.S. 13:4611. It provides that a person who disobeys an order for the payment of child support or spousal support may be punished "by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both." La.R.S. 13:4611(1)(d). "Proceedings for contempt must be strictly construed, and the law does not favor extending their scope." *George v. Nero*, 02-1140, p. 4 (La.App. 3 Cir. 3/5/03), 839 So.2d 1085, 1087. A contempt proceeding is designed for vindication of the dignity of the court rather than for the benefit of a litigant. *Davis v. Harmony House Nursing Home*, 35,080 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, *writ denied*, 01-3162 (La. 2/22/02), 810 So.2d 1143. The allocation of the community indebtedness to Chris as his separate obligation (presumably in contemplation of the now-pending proceedings for judicial partition of community property) does not vindicate the court; it benefits Christina. As such, it is not authorized as a form of punishment which the court may mete out for the contempt. We reverse and set aside the judgment insofar as it orders the indebtedness to be Chris' separate obligation.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court in all respects, except insofar as the punishment for contempt allocates the mortgage indebtedness due on the 1999 Isuzu car to Chris Ezernack as his separate obligation. In reversing that aspect of the judgment, we remand to the trial court for resentencing. We assess costs of this appeal equally between the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**