McClendon, j.
 

 |2In this appeal, the mother of two minor children challenges a trial court judgment that did not include the father’s income from a second job in child support calculations. Following a review of the record, we affirm the judgment of the trial court.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 The parties in this matter, Renee Claire Hasha Pennington and Christopher Pennington, were married on December 22, 2001, and established their matrimonial domicile in East Baton Rouge Parish. Two children were born of the marriage. The parties separated on February 14, 2008, and on March 5, 2008, Ms. Pennington filed a petition for divorce pursuant to LSA-C.C. art. 102. On May 13, 2008, Ms. Pennington filed an amending and supplemental petition, asserting
 
 inter alia
 
 that she was in necessitous circumstances and requesting child support from Mr. Pennington. Thereafter, the parties entered into stipulations that were placed on the record on June 17, 2008. On July 15, 2008, the trial court signed a stipulated judgment in accordance with said stipulations. In the stipulated judgment, the parties agreed to joint shared custody of the minor children, with neither party being designated as domiciliary parent. Further, beginning on July 1, 2008, Mr. Pennington was ordered to pay to Ms. Pennington $650 per month in child support, and he was to be responsible for all of the children’s daycare and summer care expenses. The parties also agreed that in lieu of spousal support, Mr. Pennington was to continue to pay the minimum monthly community credit card payments, in an amount set at $580 per month, through the date of divorce.
 

 The parties were divorced on July 8, 2009. On October 16, 2009, Mr. Pennington filed a rule to reduce child support, asserting a material change of circumstances. Specifically, Mr. Pennington alleged that Ms. Pennington graduated from law school in May 2009, that she was working only part time, and that she was underemployed and should be imputed a full time salary. The parties worked out an agreement regarding this rule, and the court date was |3continued and not rescheduled. A second rule to reduce child support was filed on October 28, 2010. Similar to the first rule, Mr. Pennington alleged that in addition to Ms. Pennington’s increase in earning potential, he no longer wished to maintain a second job in addition to his current full-time employment at Louisiana State University. Mr. Pennington asserted that he was working a second job in order to service the extensive debt of the parties and pay his child support as ordered.
 

 At the hearing on January 4, 2011, the parties initially placed stipulations on the record that, 1) there was a change in circumstances warranting a reduction in child support, 2) Mr. Pennington’s full-time income from his employment at LSU was $3,958 per month and Ms. Pennington’s current income was $2,500 per month, and 3) Mr. Pennington was going to place the minor children on his health insurance. The only remaining issue before the court was whether Mr. Pennington’s previous part-time job at Ruth’s Chris Steakhouse should be included in the child support
 
 *765
 
 calculation.
 
 [1]
 
 Following a hearing, wherein testimony was taken and evidence admitted, the trial court ruled that Mr. Pennington’s extra income from Ruth’s Chris Steakhouse would not be included in the child support calculation.
 

 A judgment was signed on January 25, 2011, setting forth the stipulations of the parties and ordering that Mr. Pennington’s previous part-time income would not be included in the child support calculation. Additionally, the judgment reduced the child support amount due and owing by Mr. Pennington to $232.51 per month retroactive to October 28, 2010, and determined that Mr. Pennington would be responsible for 61.3% and Ms. Pennington responsible for 38.7% of all daycare, summer care, health insurance, and uncovered medical costs incurred on behalf of the minor children.
 

 |4Ms. Pennington appealed, asserting that the trial court erred in not utilizing Mr. Pennington’s part-time income from a second job in the child support calculation and in classifying this income as “extraordinary overtime.”
 

 DISCUSSION
 

 The Louisiana child support guidelines set forth the method for implementation of the parental obligation to pay child support.
 
 See
 
 LSA-R.S. 9:315.1 A. To apply the guidelines, the court must initially determine the gross income of the parties.
 
 See
 
 LSA-R.S. 9:315.2 A. Income means the actual gross income of a party, if the party is employed to full capacity. LSA-R.S. 9:315 C(5)(a). Gross income, defined in LSA-R.S. 9:315 C(3), includes income from any source, but does not include:
 

 Extraordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross income when, in the court’s discretion, the inclusion thereof would be inequitable to a party.
 

 LSA-R.S. 9:315 C(3)(d)(iii).
 

 Generally, an award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion.
 
 Lambert v. Lambert,
 
 06-2399, p. 4 (La.App. 1 Cir. 3/23/07), 960 So.2d 921, 924. Furthermore, a trial court’s conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error.
 
 Romanowski v. Romanowski,
 
 03-0124, p. 8 (La.App. 1 Cir. 2/23/04), 873 So.2d 656, 662.
 

 On appeal, Ms. Pennington contends that Mr. Pennington’s part-time employment was not “overtime” or “extraordinary overtime” and therefore should have been included in determining Mr. Pennington’s gross income. Ms. Pennington further contends that because Mr. Pennington had consistently and steadily worked at Ruth’s Chris Steakhouse for six years prior to the date he quit, he is voluntarily underemployed. Particularly, Ms. Pennington argues that Mr. Pennington was unhappy about continuing to shoulder 100% of the community | ¿debt, although it had been three years since she graduated from law school. Therefore, according to Ms. Pennington, Mr. Pennington was not in good faith.
 

 Mr. Pennington testified that he is currently a full-time employee at LSU, working forty hours a week. He also stated that during their marriage, while Ms. Pennington was in law school, she was not working, and he worked forty hours a
 
 *766
 
 week at the Louisiana Department of Natural Resources, plus four nights a week at Ruth’s Chris Steakhouse. Mr. Pennington testified that he had anticipated ceasing employment at Ruth’s Chris Steakhouse after Ms. Pennington graduated from law school. He stated that Ms. Pennington graduated in May 2009, and after she began working at an attorney’s office, he filed the first rule to reduce child support. According to Mr. Pennington, Ms. Pennington called him and requested that he not pursue the rule while she was studying for the bar exam, and they arrived at an agreement whereby Ms. Pennington agreed to assume 33% of the community debt until she took the bar exam, and Mr. Pennington would not pursue the child support reduction until after that time. Mr. Pennington stated that Ms. Pennington took the bar exam in the spring of 2010, but did not pass, and filed for bankruptcy thereafter. He testified that because Ms. Pennington made no attempt to be responsible for their community debt, he filed for bankruptcy as well. Mr. Pennington testified that he quit his job at Ruth’s Chris Steakhouse on December 31, 2010, because he was tired.
 

 On cross-examination, Mr. Pennington testified that his income at Ruth’s Chris Steakhouse was about $22,000 per year, or $1,833 per month, and that he began working there in February 2005. Mr. Pennington again stated that while he was married, he had always planned to quit his part-time job after Ms. Pennington finished law school. Ms. Pennington did not testify.
 

 The trial court determined that Mr. Pennington’s part-time employment was analogous to “extraordinary overtime” as found in LSA-R.S. 9:315 C(3)(d)(iii) and cited the first circuit ease of
 
 Walden v. Walden,
 
 00-2911 (La.App. 1 Cir. 8/14/02), 835 So.2d 513. In
 
 Walden,
 
 Mr. Walden worked a significant number [ fiof overtime hours per week for “long-term, but limited family goals: to purchase a new home and cars for the family.” This court stated:
 

 At the time of trial, Mr. Walden was gainfully employed and made a decent living working 40-44 hours a week, with the possibility of occasional overtime. That is the basis that should be used for calculation of child support. In this particular case, despite any inconsistencies in testimony, the overtime was voluntarily undertaken for a limited goal, and outside of the ordinary full-time job requirements and income. Thus, it was “extraordinary” income. To find otherwise under the particular facts here would require all parents who worked overtime for a limited goal, to continue to work the highest level of overtime achieved or be classified as underemployed.
 

 Under the positive law specifically applicable, “extraordinary” overtime should not be included if the inclusion would be “inequitable.” La. R.S. 9:315(C)(4)(d)(iii). It is the duty of parents to support their children. La. C.C. art. 227. However, the courts must be balanced in their enforcement of this duty and not impose extraordinary requirements on parents. The concern of the law and society, and therefore the courts, should be with true unemployment or underemployment of both parents of school-aged children, not one parent’s decision to discontinue extraordinary pursuits or sacrifices after the family has broken up. We find that the imposition of judicially mandated long-term overtime in this particular case would be inequitable.
 

 Walden,
 
 00-2911 at p. 6, 835 So.2d at 518-19.
 

 Initially, we recognize that the trial court never categorized Mr. Pennington’s
 
 *767
 
 part-time job as either “overtime” or “extraordinary overtime,” but noted that it was similar in principal. As such, the trial court did not include the part-time income in the child support calculation. Perhaps the better analysis, given that Mr. Pennington was no longer employed at Ruth’s Chris Steakhouse at the time of the hearing, is to determine whether he was voluntarily underemployed. Under the facts of this case, we find that he was not and further agree with the trial court that, even were we to analyze the second job in the context of “overtime,” based on
 
 Walden,
 
 Mr. Pennington’s second job should not be considered in the calculation of child support.
 
 [2]
 
 Mr. Pennington’s part-time employment began during the marriage and was for a limited purpose: |7to help financially support the family while Ms. Pennington finished law school. This part-time job was in addition to Mr. Pennington’s full-time employment at LSU. Thus, any argument regarding a lack of good faith or underemployment must fail. Clearly, under the facts of this case, to require Mr. Pennington to engage in long-term additional employment would be inequitable.
 

 We find no error in the trial court’s decision not to include the income from Mr. Pennington’s former part-time employment in the child support calculation. Accordingly, we can find no abuse of discretion in the award of child support by the trial court herein.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the January 25, 2011 judgment of the trial court. All costs of this appeal are assessed to Renee Claire Hasha Pennington.
 

 AFFIRMED.
 

 [1]
 

 . At the time the rule was filed, Mr. Pennington was still working at his second job, but had ceased said employment prior to the hearing on the rule.
 

 [2]
 

 . Ms. Pennington also asserts that the
 
 Walden
 
 decision is at odds with the rest of the circuits and should not be followed. However, we find the cases cited by Ms. Pennington factually distinguishable.
 
 See Douthit v. Douthit,
 
 31,713 (La.App. 2 Cir. 3/31/99), 732 So.2d 616;
 
 Montou
 
 v.
 
 Montou,
 
 96-1463 (La.App. 3 Cir. 4/2/97), 692 So.2d 705;
 
 Ezernack v. Ezernack,
 
 04-1584 (La.App. 3 Cir. 4/6/05), 899 So.2d 198;
 
 State Through Dept. of Social Services v. Toledano,
 
 97-1424 (La.App. 4 Cir. 5/13/98), 713 So.2d 679.