699 So.2d 1190 (1997)
Tanya House LINDSEY, Plaintiff-Appellant,
v.
Chris Allen HOUSE, Defendant-Appellee.
No. 29790-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
Campbell, Campbell & Marvin by J. Schuyler Marvin, Minden, for Plaintiff-Appellant.
John M. Robinson, Baton Rouge, for Defendant-Appellee.
Before HIGHTOWER, GASKINS and PEATROSS, JJ.
PEATROSS, Judge.
Tanya Marie House Lindsey ("Lindsey") appeals an adverse judgment which awarded Vicki Taylor ("Taylor") visitation with Whitney House ("Whitney"), Taylor's granddaughter, and which denied Melanie House ("Stepmother") visitation with the child[1]. *1191 For the following reasons, we affirm the judgment of the trial court.

FACTS
Lindsey filed for divorce from Chris Allen House ("House") on January 3, 1992, and she was granted sole custody of Whitney, the only child of that marriage, by judgment dated April 6, 1992. House was granted supervised visitation with Whitney. By judgment dated September 16, 1992, Lindsey and House were divorced. On April 6, 1993, House was incarcerated and his visitation rights were terminated on May 5, 1993. On July 13, 1993, Taylor filed a petition for intervention seeking visitation with Whitney.
Taylor was granted specific visitation rights on August 27, 1993. As part of this visitation plan, Taylor was not to allow House to be present during Whitney's visits. After Taylor violated the terms of the original visitation plan by allowing House to be present during Whitney's visits, the trial court issued an interim order dated September 29, 1995, which reinstated Taylor's visitation rights and granted House limited visitation.
On June 5, 1994, House married Melanie House and they had a son, Shane House ("Shane"). Taylor filed a "Motion and Order for Contempt and to Reinstate and Expand Visitation by Interested Parties" on September 11, 1996. This motion named Taylor, and for the first time the Stepmother, as the interested parties seeking visitation. At the time the motion was filed, House was again in jail. In response to this motion, Lindsey filed an "Exception For No Cause of Action and No Right of Action."
In his "Judgment on Rule," dated December 5, 1996, the trial judge granted Taylor visitation on the first Friday of each month for 48 hours, beginning at 6:00 p.m. and ending at 6:00 p.m. on Sunday. Taylor was also granted visitation from 6:00 p.m. on December 26 until 6:00 p.m. on December 28 of each year. The trial judge required that Taylor and Shane be present at all times during the visitation. The trial judge apparently denied the Stepmother visitation when he stated at the hearing, "But I don't think the child has bonded enough with Melanie House ... for her to be granted any visitation privileges herself."

DISCUSSION
On appeal, Lindsey argues that the trial court improperly applied La. C.C. art. 136, rather than LSA-R.S. 9:344, to this situation. In addition, Lindsey argues that if this court finds that La. C.C. art. 136 is applicable, then the trial court improperly found extraordinary circumstances which support granting grandparent visitation.
La. C.C. art. 136 provides in pertinent part:
B. Under extraordinary circumstances, a relative, by blood or affinity, or a former stepparent or stepgrandparent, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child.
* * * * * *
C. In the event of a conflict between this Article and R.S. 9:344 or 345, the provisions of the statute shall supersede those of this article.
LSA-R.S. 9:344 provides in pertinent part:
A. If one of the parties to a marriage dies or is interdicted and there is a minor child or children of such marriage, the parents of the deceased or interdicted party without custody of such minor child or children may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interest of the child or children.
*1192 Lindsey also points to comment (d) to La. C.C. art. 136 which states:
(d) The second paragraph of this article provides a general rule regarding visitation of nonparents, of which the provisions R.S. 9:344 and 9:345 (rev.1993) may be seen as more specific applications. Accordingly, this Article defers to those statutes in the areas that they address.
Citing paragraph (C) and comment (d) of La. C.C. art. 136, Lindsey contends that LSA-R.S. 9:344, not La. C.C. art. 136, is controlling in this case. In addition, she contends that since neither parent is dead or interdicted, Taylor has no right of visitation under LSA-R.S. 9:344. We do not agree with this argument.
The general rule established in La. C.C. art. 136 requires a relative, by either blood or affinity, to show not only extraordinary circumstances which support a granting of visitation rights, but also that such visitation is in the best interest of the child. The legislature, through LSA-R.S. 9:344, made it less difficult for a parent of the noncustodial parent to obtain visitation with grandchildren in two situations, i.e., when the noncustodial parent is either dead or interdicted. In these two situations the grandparent does not have to show extraordinary circumstances, but only that visitation is in the best interest of the child. When the noncustodial parent is neither dead nor interdicted, no conflict exists between La. C.C. art. 136 and LSA-R.S. 9:344; and, thus, La. C.C. art. 136 is applicable. Since the noncustodial parent is not dead or interdicted in the present case, we conclude that the trial court was correct in its application of La. C.C. art. 136.
Having determined that La. C.C. art. 136 is applicable in this case, we next look to see if extraordinary circumstances exist to support the visitation award. The trial judge acknowledged that this type of visitation occurs only upon a showing of extraordinary circumstances. The trial judge stated, "... I think that the young child needs to have two sides of the family that the child is familiar with." The trial judge also said that since House was incarcerated, the purpose of the visitation was to allow Whitney to remain familiar with her paternal grandmother and her father's side of the family. We conclude that the trial judge did not abuse his discretion in finding extraordinary circumstances in this case and awarding visitation to the grandmother[2].

CONCLUSION
For the forgoing reasons we affirm the judgment of the trial court and assess the costs of this appeal to the plaintiff.
AFFIRMED.
NOTES
[1] The original judgment granting visitation to Taylor was signed on December 5, 1996, and an appeal was granted on December 12, 1996. The trial court signed a supplemental judgment on March 24, 1997, which denied the "Exception For No Cause of Action and No Right of Action." This court allowed the record to be supplemented to include the supplemental judgment. Pursuant to the provisions of La. C.C.P. art.1951, a final judgment may not be amended to alter the substance. Accordingly, we do not consider the supplemental judgment. We acknowledge, however, that the trial court orally denied the exception, and in the judgment implicitly denied the exceptions when it granted visitation to Taylor.
[2] See Ray v. Ray, 94-1478 (La.App. 3d Cir. 5/3/95), 657 So.2d 171, wherein the court found that La. C.C. art. 136 provides a means of maintaining family relationships where they might otherwise be lost to the child. In that case the court found extraordinary circumstances where the father and grandfather of the child were deceased and "the natural conduits through which the great-grandfather and aunt might develop a relationship with [the child] are missing."