JDECUIR, Judge.
This is an appeal from a judgment declining to reduce a father’s monthly child support obligation. For the reasons that follow, we affirm the district court’s judgment.
FACTS
On May 22, 1997, child support was set in the amount of $830.00 per month, effective June 1, 1997. At the time the support obligation was fixed, James Moore was earning $6,383.33 per month as a directional driller.
On January 21,1998, Moore filed a motion to suspend child support payment due to his unemployment. At the hearing on the motion, the Honorable Hearing Officer Bundick advised Moore to amend his motion. On March 19, 1998, Moore filed a motion to reduce child support obligation. At the hearing on the motion, the hearing officer denied the reduction finding that Moore was voluntarily unemployed because of his own actions in becoming addicted to crack cocaine. Moore made no request for a hearing before a judge. Accordingly, the hearing officer’s recommendation was [adopted by the district court. Moore lodged this appeal seeking to reverse the district court’s judgment and obtain a reduction or suspension of his child support obligation.
LAW AND DISCUSSION
A parent’s obligation to support his child is of primary importance and is a matter of public policy. Boudreaux v. Boudreaux, 460 So.2d 703 (La.App. 3 Cir.1984). Each parent owes an obligation to support, maintain and educate his children. La.Civ. Code art. 227. The amount of support is fixed by considering the needs of the child as well as the means available to the parties obligated to pay it. McManus v. McManus, 528 So.2d 1105 (La.App. 3 Cir.), writ denied, 533 So.2d 23 (La.1988). A parent may obtain a reduction or discharge by showing that he has experienced a change in circumstances from the time of the previous award, provided he can prove he is no longer able to provide the support. La.Civ.Code art. 232. However, he is not relieved of his support liability unless it appears that he is not only unemployed, but unemployable. Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3 Cir.1984).
Moreover, proof of a change in circumstances does not justify reduction of a child support award where the obligor’s own voluntary actions render the ability to pay difficult, if not impossible. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); McManus, 528 So.2d at 1107. “Although a court may sympathize with a parent’s problems, it may not act as a financial counselor to relieve problems brought on by his own poor fiscal management.” McManus, 528 So.2d 1105. For the same reasons, a court should not act to reheve problems brought on by poor lifestyle management. Proof that the parent has brought about his own unstable financial condition precludes the reduction of the support obligation. Gros v. Gros, 463 So.2d 37 (La.App. 5 Cir.), writ denied, 464 So.2d 303 (La.1985).
feln the present case, Moore admits that he lost his job due to his addiction to crack cocaine. While this court is sympathetic to his plight, his obligation to his child is primary. The hearing officer correctly concluded that Moore is unemployed due to his own voluntary use of crack cocaine. Under the law he is voluntarily unemployed and, therefore, not entitled to a reduction in his *114 child support obligation. Accordingly, we find no error in the district court’s judgment.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are taxed to appellant, James Moore.
AFFIRMED.