838 So.2d 115 (2003)
Robert L. SINGLETARY
v.
Melinda Singletary JAMES.
No. 02-1074.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
Charles A. "Sam" Jones, III, DeRidder, LA, for Plaintiff/Appellant, Robert L. Singletary.
*116 Scott Westerchil, Leesville, LA, for Defendant/Appellee, Melinda Singletary James.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and ELIZABETH A. PICKETT, Judges.
WOODARD, Judge.
In this child support case, Mr. Robert L. Singletary, the domiciliary parent of his two minor children, Leland and Neland Singletary, filed two rules, one for contempt for his former spouse's failure to pay court ordered child support and another rule for support. She reconvened and filed a rule to modify custody, to set child support, and for contempt of court. On January 18, 2002, the court heard the matter, and based on the parties' various stipulations, ordered Ms. James to pay $350.00 per month in child support, retroactive to January 1, 2002. Unable to pay the required child support because of her in-patient treatment for drug abuse, Ms. James filed an amended rule to reduce child support and filed a rule to modify visitation. Subsequently, the trial court suspended her child support obligation, retroactive to February 21, 2002, the date that she entered a Beaumont rehabilitation facility. It, also, allowed her thirty days within which to obtain employment, after which she and Mr. Singletary would submit income information to determine the amount of monthly child support. Mr. Singletary appeals. We reverse.

* * *
Mr. Singletary and Ms. James married on December 2, 1983, after which they had Leland and Neland, born on June 29, 1985, and February 16, 1989, respectively. The parties separated in June 1991. Ms. James began living with another man. Consequently, Mr. Singletary filed for divorce and custody of their two children. Ms. James failed to answer. The trial court entered a default judgment against her on September 9, 1992, awarding Mr. Singletary an absolute divorce and custody. On January 25, 1993, Ms. James moved for a modification of custody, alleging that she did not discover that she was divorced until the month before; that she believed that because of their temporary reconciliation in April 1992, he could not go back to court, regarding custody or divorce without, first, serving her with legal papers; that she had asked for visitation and communication with the children, but he denied both requests; and that he screamed at her and her daughter and went into a violent rage and damaged her father's car. Thus, because she believed that she could provide a healthy and stable home for the children, she moved for joint custody and appointment as the custodial parent.
On April 23, 1993, the trial court awarded Mr. Singletary and Ms. James joint custody of their minor children, designating Mr. Singletary as the domiciliary parent. In 2001, he filed a rule for contempt and rule for support. Ms. James, in turn, filed a rule to modify custody, to set child support, and for contempt of court. The court ordered Ms. James to pay $350.00 in child support, retroactive to January 1, 2002. On April 3, 2002, she filed an amended rule to reduce child support and to modify visitation. Consequently, the trial court awarded her specified visitation and suspended her child support obligation, retroactive to February 21, 2002, the date she entered a rehabilitation facility. Furthermore, it allowed her thirty days to find employment, at which time she and Mr. Singletary would submit income information to determine her child support obligation.

* * *

STANDARD OF REVIEW
We may not set aside a trial court's finding of fact, absent manifest error or *117 unless it is clearly wrong.[1] In other words, in order to reverse the trial court's judgment, after reviewing the record in its entirety, we must find that a reasonable factual basis does not exist for the trial court's finding and that the record establishes that the finding is clearly wrong.[2]

CHILD SUPPORT
Mr. Singletary alleges that the trial court erred in suspending Ms. James' child support obligation because of her admission into a drug rehabilitation facility.
Under La.Civ.Code art. 227, a parent owes an obligation to support, maintain, and educate his or her children. This obligation is a matter of public policy. The court is to fix the amount of support after considering the needs of the child, as well as the means available to the parent obligated to pay it.[3] At the hearing, Ms. James testified that she earned between $350.00 and $400.00 per week while working at the Petroleum Stopping Center in Beaumont, Texas. However, she currently has no income because she admitted herself into a treatment facility for drug abuse.
La.Civ.Code art. 232 provides that if a parent can prove that she is unable to provide the support, she may obtain a reduction or discharge by showing that she has experienced a change in circumstances from the time of the previous award. However, the parent is not relieved of her obligation unless she is not only unemployed but, also, unemployable.[4] In the instant case, the parent's own voluntary actions created her inability to pay. This court has held that this does not justify a reduction of child support.[5] Furthermore, we stated in State v. Moore[6] that:
"Although a court may sympathize with a parent's problems, it may not act as a financial counselor to relieve problems brought on by his own poor fiscal management." For the same reasons, a court should not act to relieve problems brought on by poor lifestyle management. Proof that the parent has brought about his own unstable financial condition precludes the reduction of the support obligation.
Under Rivers v. Rivers,[7] this court will not grant relief to an obligor whose joblessness is the result, either in whole or in part, of his or her own doing. Mr. Singletary asserts that because Ms. James voluntarily terminated her employment and voluntarily used drugs, she is not entitled to a reduction in her child support obligation; and that, since she stated that the treatment facility permitted her to obtain gainful employment, she failed to prove a change of circumstances to relieve her of the obligation.
Ms. James admitted that she terminated her employment because of her addiction to pain pills. Although we are sympathetic to her situation and applaud her effort to seek treatment, it cannot supersede her primary obligation to her children, as "we do not feel we would aid ... [Ms. James'] *118 efforts toward true rehabilitation by helping [her] to deny [her] primarily responsibility to support [her] minor child[ren]."[8] We, also, note that her decision to take drugs in the first place, presumably, was voluntary.
We find no legal basis, permitting the trial court to suspend her obligation, retroactive to February 21, 2002, the date that she entered the treatment facility. Accordingly, we reverse its judgment and reinstate her child support obligation, in the amount of $350.00 per month, retroactive to January 1, 2002.

CONCLUSION
As Ms. James did not prove a change in circumstances that should relieve her of her primary obligation to support her children, we find that the trial court erred in suspending her child support obligation and, accordingly, reverse that holding. We reinstate her obligation to pay child support in the amount of $350.00 per month and order her to pay the amounts that were suspended from the date that she entered the treatment facility. We assess all costs to her.
REVERSED.
NOTES
[1] Stobart v. State through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993).
[2] Id.
[3] McManus v. McManus, 528 So.2d 1105 (La. App. 3 Cir.), writ denied, 533 So.2d 23 (La. 1988).
[4] State v. Moore, 98-1243 (La.App. 3 Cir. 12/9/98); 722 So.2d 112 citing Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3 Cir. 1984).
[5] Laiche v, Laiche, 237 La. 298, 111 So.2d 120 (1959); McManus, 528 So.2d 1105.
[6] Moore, 722 So.2d at 113.
[7] 511 So.2d 30 (La.App. 3 Cir.1987).
[8] Vidrine v. Vidrine, 567 So.2d 811, 814 (La. App. 3 Cir.1990).