WILLIAMS, J.
| Charlie Gentry and Janet Gentry appeal a juvenile court judgment denying *9 their motions to intervene and to establish visitation as the grandparents of the minor child, D.E. The court found that the Gen-trys failed to state a cause of action for intervention and that they could not modify the judgment of disposition to seek visitation. For the following reasons, we affirm in part, reverse in part and remand.
FACTS
Charlie and Janet Gentry are the maternal grandparents of the minor children, D.E. and J.H., his sister. The Gentrys were granted physical custody of the children in April 2002. Following a complaint of lack of supervision and child abuse received by the Office of Community Services, the children were removed from the Gentrys’ home in October 2009 and placed in state custody. The state then filed a petition requesting that D.E. and J.H. be adjudicated children in need of care. At the adjudication hearing in December 2009, the Gentrys agreed to return legal custody of J.H. to her mother, Miranda Burchett. The Gentrys also stipulated that D.E. was a child in need of care, without admitting the allegations of the state’s petition.
At the disposition hearing in January 2010, the trial court determined that the Gentrys were no longer parties to the proceedings because they were not the legal custodians of D.E. and they had not sought a return of custody. In March 2010, the trial court entered a judgment of disposition, finding that D.E. continued to be a child in need of care, awarding joint legal custody of D.E. to his biological parents and designating the father, |aDoug Estey, Jr., as the domiciliary parent, subject to the mother’s visitation. On appeal, this court affirmed the finding that the Gentrys were not parties to the action. In the Interest of D.E., 45,809 (La.App.2d Cir.9/22/10), 47 So.3d 1109.
On December 30, 2010, the Gentrys filed their “Motion to Intervene and/or Motion to Establish Visitation by Grandparent.” They also filed a rule for contempt, alleging a violation of the trial court’s previously issued protective order. In February 2011, without holding a hearing, the trial court issued an order denying the Gentrys’ motion to intervene on the basis that the pleading failed to state a cause of action. The court also denied visitation, finding that the Gentrys were not entitled to modify the judgment of disposition. Additionally, the court found that the rule for contempt failed to state a cause of action because the protective order had expired. The Gentrys appeal the judgment.
DISCUSSION
The Gentrys contend the trial court erred in denying the motion to intervene. They argue that their pleading alleged sufficient facts to state a valid cause of action.
Pursuant to LSA-Ch.C. arts. 687 and 701, if the child is placed in the custody of the state at any point during child in need of care proceedings, the provisions of Chapter 15 (Case Review Procedure; Review Hearings) and Chapter 16 (Disposi-tional Reviews) shall govern the subsequent review process until such time as the child achieves a permanent placement as defined in LSA-Ch.C. art. 603. The definition of permanent placement ^includes the return of legal custody of a child to his parents. LSA-Ch.C. art. 603(20) (formerly 603(15)). The juvenile court may allow any interested person for good cause shown to intervene in the case review 'proceedings to facilitate the permanent placement of the child and to ensure that the best interests of the child are protected. LSA-Ch.C. art. 697. For good cause shown, the court may allow any interested person to intervene in the permanency review proceedings to facilitate the permanent plan for the child and protect the best interests of the child. LSA-Ch.C. art. 707.
*10 The function of the exception of no cause of action is to test the sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. The court reviews the petition and accepts well-pleaded allegations of fact as true. Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058.
In the present case, the trial court rendered the judgment of disposition in March 2010, awarding joint custody of the minor child, D.E., to his parents, thereby vacating the state’s custody of the child. Thus, under Articles 687 and 701, once permanent placement of the child occurred by returning custody of the child to the parents, Articles 697 and 707 were no longer applicable as a basis for intervention in the proceedings. Consequently, we cannot say the trial court erred in denying intervention under those articles. The assignment of error lacks merit. Although Articles 697 and 707 are inapplicable, we must consider whether the Gentrys’ pleading stated a cause of action for visitation with the minor child.

\ ¿Visitation

The Gentrys contend the trial court erred in denying their motion to establish visitation with the 12-year old child. The Gentrys argue that allowing them more frequent visitation would be in the child’s best interest in light of their relationship with D.E. and the child’s preference.
Under extraordinary circumstances, a relative, by blood or affinity, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the child’s best interest. In determining the best interest of the child, the court shall consider: (1) the length and quality of the prior relationship between the child and the relative; (2) whether the child is in need of guidance which can best be provided by the relative; (3)the preference of the child if he is of sufficient maturity to express a preference; (4)the willingness of the relative to encourage a close relationship between the child and his parents; and (5) the mental and physical health of the child and the relative. LSA-C.C. art. 136(B). The burden is on the mover, the relative, to demonstrate that extraordinary circumstances exist and that the visitation is in the child’s best interest. Lindsey v. House, 29,790 (La.App.2d Cir.9/24/97), 699 So.2d 1190; Broussard-Scher v. Legendre, 2010-1164 (La.App. 3rd Cir.3/23/11), 60 So.3d 1290. The court may modify a judgment of disposition on its own motion or on the motion of the district attorney, the department, the child, or his parents. LSA-Ch.C. art. 714.
Initially, we note that in denying the motion to establish grandparent visitation, the trial court treated the Gentrys’ pleading as a motion to modify |Rthe judgment of disposition under LSA-Ch.C. art. 714. However, the Gentrys’ motion specifically complains about the court’s April 1, 2010 protective order prohibiting them from any contact or communication with the child and does not refer to the judgment of disposition. Thus, the trial court erred in its characterization of the pleading and in denying the Gentrys’ motion on the basis of Article 714.
In denying the motion for visitation, the trial court also referred to unspecified reasons previously stated by the court as to why visitation with the Gentrys was not in the child’s best interest. However, the trial court approved a supervised visit with the child by the Gentrys in August 2010.
We find that the Gentrys’ motion for visitation with their grandson adequately stated a cause of action under Article 136(B). Their pleading included the allegations that extraordinary circumstances exist, including their role as primary care givers of D.E. when the parents were unable to care for the child, that they are the maternal grandparents of the child and *11 that visitation with them is in the child’s best interest, given the length of their relationship with D.E. and the child’s preference for continued contact and visitation with his maternal grandparents. Consequently, the trial court erred in failing to hold a hearing to give the Gentrys an opportunity to present evidence to meet their burden of proving that extraordinary circumstances exist and that allowing them reasonable visitation with D.E. would be in the child’s best interest under the applicable considerations of Article 136(B). Accordingly, we shall remand this matter to the trial court with instructions to hold an evidentiary hearing on the Gentrys’ motion for 1 (¡increased visitation with the minor child.

Rule for Contempt

The Gentrys contend the trial court erred in denying their rule for contempt. They argue that the protective order had not expired before it was violated in December 2010, because the court had continued the effect of the order until January 2011.
The court may grant any protective order to bring about a cessation of abuse or neglect of any minor child and the relief may include establishing temporary visitation rights and conditions regarding any minor child. LSA-Ch.C. art. 618(A). Any final protective order shall be for a fixed period of time, not to exceed six months, and may be extended by the court after a contradictory hearing at the court’s discretion. LSA-Ch.C. art. 618(F).
In this case, the protective order issued by the trial court on April 1, 2010, was to remain in effect until the court’s review in July 2010. After conducting that review, the court rendered judgment on August 17, 2010, providing that the prior protective order concerning the Gentrys would remain in effect. The language of the August 2010 judgment indicates that the protective order was extended only with regard to the Gentrys, as no other individuals were named. Thus, we cannot say the trial court erred in denying the rule for contempt. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, that part of the trial court’s judgment denying the motion to establish visitation is reversed, and this matter is hereby remanded with instructions to the trial court to schedule an 17evidentiary hearing on the issue of visitation by the child’s maternal grandparents, Charlie and Janet Gentry. The judgment is otherwise affirmed. Costs of this appeal are assessed one-half to the appellants, Charlie and Janet Gentry, and one-half to the appellee, Douglas Estey, Jr.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.