STEWART, J.
| plaintiff /Appellant, Brandy McEac-hern (hereafter referred to as “McEac-hern”), is appealing a trial court judgment maintaining Michael Joe Langley’s (hereafter referred to as “Langley”) sole custody of M.J.L., and reducing her visitation with M.J.L. For the following reasons, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
On October 22, 2008, Langley was granted sole custody of his minor child, M.J.L.[1] *939 McEachern, M-J.L.’s maternal grandmother, and Brian Ingram, M.J.L.’s maternal grandfather, were awarded visitation with M.J.L. in accordance with La. R.S. 9:344(A) and La. C.C. art. 136(B).
On May 13, 2009, a rule for contempt was filed on behalf of McEachern and Ingram, alleging that Langley failed to provide them with reasonable visitation. On August 19, 2009, Langley was held in contempt of the trial court’s order for failure to adhere to the above described visitation schedule. Additional orders of telephone contact between McEachern and M.J.L. were ordered,[2] as well as reinforcement of all previously awarded periods of visitation in favor of McEachern.
On May 11, 2010, McEachern filed a petition for contempt and change of custody, alleging that Langley failed to follow the provisions of the previous judgment. She also sought the appointment of a mental health professional. Langley did not file any responsive pleadings. After review 12by a mental health professional, the trial court issued a judgment maintaining Langley’s sole custody of M.J.L., and reducing McEachern’s visitation to one three-hour period on the second Saturday of each month, subject to Langley’s supervision. The court was of the opinion that some form of sexual abuse did occur with the minor child while in McEachern’s house.
McEachern appeals.
LAW AND DISCUSSION
McEachern asserts two assignments of error in this appeal. In her first assignment, she contends that the trial court erred in changing and reducing her previously ordered grandparent visitation and telephone contact with M.J.L., absent any pleadings filed by Langley, Appellee, requesting that relief. Similarly, in her second assignment of error, she alleges that the trial court erred in changing and reducing her previously ordered grandparent visitation and telephone contact with the minor child, M.J.L., absent any showing of a change in circumstances justifying that change.
More specifically, McEachern argues that jurisprudence has established that a court may not decide a controversy that the litigants have not regularly brought before it. She notes that the only issue properly pled before the lower court was her request for change of custody and that Langley be held in contempt for his failure to honor the previously awarded visitation. Langley did not file any pleadings in this matter. Therefore, McEachern believes that the trial court’s judgment limiting her visitation is ^erroneous. Additionally, she contends that the evidence admitted did not show a change in circumstances necessary to support a change and/or reduction of her visitation. Because McEachern’s two assignments of error are substantially similar, they will be discussed together.
La. R.S. 9:344(A) states:
A. If one of the parties to a marriage dies, is interdicted, or incarcerated, and there is a minor child or children of such marriage, the parents of the deceased, interdicted, or incarcerated party without custody of such minor child or children may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such *940 visitation rights would be in the best interest of the child or children.
La. C.C. art. 136(B) states:
B. Under extraordinary circumstances, a relative, by blood or affinity, or a former stepparent or stepgrandparent, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
(1) The length and quality of the prior relationship between the child and the relative.
(2) Whether the child is in need of guidance, enlightenment, or tutelage which can best be provided by the relative.
(3) The preference of the child if he is determined to be of sufficient maturity to express a preference.
(4) The willingness of the relative to encourage a close relationship between the child and his parent or parents.
(5) The mental and physical health of the child and the relative.
The burden is on the mover, the relative, to demonstrate that extraordinary circumstances exist and that the visitation is in the child’s best interests. State in Interest of D.E., 46,644 (La.App. 2 Cir. 10/12/11), 83 So.3d 8; Lindsey v. House, 29,790 (La. App. 2 Cir. 9/24/97), 699 So.2d 1190.
The general rule established in La. C.C. art. 136 requires a relative, by either blood or affinity, to show not only extraordinary circumstances which support a granting of visitation rights, but also that visitation is in the best interest of the child. Lindsey, supra. The legislature, through La. R.S. 9:344, made it less difficult for a parent of the noncustodial parent to obtain visitation with grandchildren in two situations, i.e., when the noncustodial parent is either dead or interdicted. Id. In these two situations, the grandparent does not have to show extraordinary circumstances, but only that visitation is in the best interest of the child. Id.
Jurisprudence has determined that because a modification of visitation rights is not so substantial as a change in actual physical custody, a showing that the modification is in the best interest of the child is sufficient. Adams v. Adams, 39,424 (La.App. 2 Cir. 4/6/05), 899 So.2d 726; Acklin v. Acklin, 29,193 (La.App. 2 Cir. 2/26/97), 690 So.2d 869.
In the instant case, both parties agreed to appoint Sandi Davis, a licensed counselor employed by the Family Counseling Center, to evaluate each other, as well as M.J.L. Davis expressed serious concern about M.J.L. visiting McEachern’s home, noting the M.J.L. related that Ingram “does things to her.” In her opinion, Davis believed these acts suggested that sexual abuse was taking place in McEac-hern’s home. Concerned about M.J.L.’s well being, Davis recommended that visitation at McEachern’s |fihome be suspended, and that visitation should be supervised in a public place.
McEachern relies on Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97), 700 So.2d 533, in support of her argument that a court may not decide a controversy that the litigants have not regularly brought before it. The difference between the cited case law and the case before this court is in the expansion of the pleadings based on the evidence presented. Gerhardt v. Gerhardt, 46,463 (La.App. 2 Cir. 5/18/11), 70 So.3d 863. Louisiana C.C.P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
*941 In this case, the trial court clearly explained its reasons for judgment, which were supported by the evidence presented by the parties. The trial court was “disturbed” by McEachern’s behavior during Davis’s evaluations. McEachern’s evaluations, coupled with M.J.L.’s interviews, provided the basis for the lower court to find a change in circumstances that would necessitate a modification of visitation. The trial court correctly ruled outside the pleadings based on that evidence, using the best interest of the child standard.
We conclude that the trial court did not impermissibly exceed the scope of the pleadings in its ruling. The evidence shows it to be in M-J.L.’s best interest to modify the current custody agreement, as well as the grandparent visitation. McEachern’s two assignments of error are meritless.
I «CONCLUSION
For the reasons discussed above, we affirm. Costs are assessed to the plaintiff, Brandy McEachern.
AFFIRMED.

. Angel Nicole Langley, M.J.L.’s mother, died when M.J.L. was five months old.

. At some point during this litigation, Brian Ingram was denied any visitation with M J.L., and any party or person who allows such visitation or enables him to visit with the minor child will be subject to contempt proceedings.