HANS J. LILJEBERG, Judge.
^Appellant, Edwina Jones, appeals the juvenile court’s calculation of her monthly child support obligation. For the following reasons, we affirm.

Factual & Procedural History

On July 16, 2012, the juvenile court ordered that appellant, Ms. Jones, pay child support to Edwin Jones in the amount of $870.00 plus court costs per month. Although Ms. Jones initially disagreed, she later withdrew her disagreement on December 3, 2012.[1] Thereafter, on March 12, 2014, Ms. Jones filed a Motion to Reduce Child Support asserting a change in circumstances due to her retirement from the State of Louisiana to enroll full-time at Loyola, University New Orleans, which resulted in a decreased income.[2] On June 5, 2014, a hearing was held on the motion to reduce child support before the hearing officer, who granted Ms. Jones a [.¡reduction in child support pursuant to a change in circumstances greater than 25%. See La. R.S. 9:311(0(1). Pursuant to the recommendation of the hearing officer, Ms. Jones was ordered to pay $441.00 plus costs per month to become effective June 23, 2014, over the State’s objection that Ms. Jones was voluntarily underemployed. The State disagreed, and the juvenile court judge heard the matter on September 15, 2014. Upon conclusion of the hearing, the juvenile court judge declined to adopt the recommendation of the hearing officer and ordered rather that Ms. Jones be granted a $200.00 per month deviation from the child support guidelines pending her graduation in May 2015. Therefore, the juvenile court ordered that Ms. Jones pay $670.00 plus costs per month through May 14, 2015, when a review will be held to *299 determine the appropriate amount-of support based upon the circumstances at that time. It is from this judgment of the juvenile court that Ms. Jones now appeals.

Assignment of Error

Ms. Jones argues that the juvenile court’s child support calculation in this case is manifestly erroneous. Specifically, Ms. Jones asserts that the juvenile court erred in finding that she is voluntarily underemployed. She asks this Court to adopt the hearing officer’s recommendation and reduce her child support obligation to $441.00 plus costs per month.

Standard of Review

A district court’s order of child support is entitled to great weight. Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. “Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.” Langley v. Langley, 07-754 (La.App. 4 Cir. 3/26/08), 982 So.2d 881, 883.
|4The statutory guidelines for calculating child support are set forth in La. R.S. 9:315 to 9:315.20. Deviations by the district court from the child support guidelines shall not be disturbed oh appeal absent a finding of manifest error. La. R.S. 9:315.17.

Discussion

A party seeking a reduction in child support must show a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. La. R.S. 9:311(A). As discussed in Savage v. Savage, 36,138 (La.App.2d Cir.6/12/02), 821 So.2d 603, 606, Louisiana jurisprudence distinguishes between voluntary and involuntary changes in circumstances. An involuntary change in circumstance results from fortuitous events or other circumstances beyond a person’s control, such as loss of one’s position or illness. Id. A voluntary change in circumstance generally does not justify a reduction in the support obligation. Id.; see also Douthit v. Douthit, 31,713 (La.App.2d Cir.3/31/99), 732 So.2d 616, 618. When a parent voluntarily terminates his or hér employment, the child support obligation may be reduced if the obligor parent can show that (1) a change in circumstances occurred; (2) the voluntary change is reasonable and justified; (3) the parent is in good faith and not attempting to avoid his or her alimentary obligation; and (4) the action will not deprive the child of continued reasonable financial support. Savage, supra at 606-07; Douthit, supra.
“Voluntary underemployment is a fact driven consideration.” Koch v. Koch, 97-1600 (La.App. 4 Cir. 4/22/98), 714 So.2d 63, 66. For the purpose of calculating a child support award, voluntary underemployment is a question of Rgood faith on the obligor-spouse in reducing his income. Hansel v. Hansel, 00-1914 (La.App. 4 Cir. 11/21/01), 802 So.2d 875, 880. When determining if a party is voluntarily underemployed for purposes of calculating a child support obligation, the court shall consider that party’s earning capacity in light of all circumstances. Langley, supra at 884; Peacock v. Peacock, 39,950 (La.App. 2 Cir. 5/4/05), 903 So.2d 506, 516.
The trial court has wide discretion in resolving credibility issues, and whether the obligor parent is in good faith in reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the trial court’s wide discretion. Wyatt v. Wyatt, 39,518 (La.App. 2 Cir. 4/6/05), 899 So.2d 788, 792.
Upon review of the record, we do not find the juvenile court’s child support calculation to be manifestly erroneous. While Ms. Jones voluntarily chose to re *300 tire, the juvenile court found that she did so in good faith to pursue her education full-time so that she may complete her degree more quickly, which will advance her career and increase her income. The juvenile court clearly found that Ms. Jones’ ability to more quickly complete her degree would be for the betterment of herself and her child; therefore, it afforded Ms. Jones a $200.00 deviation from the child support guidelines. Based upon the sound factual findings of the juvenile court and its great discretion in awarding child support, we find no manifest error in the court’s deviation from the child support guidelines in setting the award. See La. R.S. 9:315.11.
| ¿Decree
Considering the foregoing, the juvenile court’s September 15, 2014 judgment is affirmed.

AFFIRMED

. Although Ms. Jones, in proper person, now asserts arguments relative to the propriety of the child support awarded on July 16, 2012, she did not timely seek review of that ruling, and that ruling is now a final judgment. We are therefore precluded from addressing any assignment of error relating to the originally imposed child support award.

. Since 2010, Ms. Jones was consistently enrolled at Loyola University New Orleans in pursuit of a Masters of Science in Nursing while employed by the Louisiana Department of Health and Hospitals. Upon completion of that degree in December 2012, Ms. Jones was accepted into and is currently in pursuit of a Doctors of Nursing Practice degree, also at Loyola University New Orleans. Ms. Jones’ retirement was effective January 4, 2014.