NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-134

RICHARD BRANDON KYLE

VERSUS

BRITTANY KAY KIER

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,535-F
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

AFFIRMED.

**Susan Ford Fiser**
**Attorney at Law**
**P.O. Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**COUNSEL FOR DEFENDANT APPELLEE:**
     **Brittany Kier**

**Koby D. Boyett**
**Attorney at Law**
**P. O. Box 12746**
**Alexandria, LA 71315**
**(318) 442-9462**
**COUNSEL FOR PLAINTIFF APPELLANT:**
     **Richard Kyle**

**PERRET, Judge.**

The Appellant, Richard Brandon Kyle, appeals the trial court's judgment denying his request to modify and lower his child support payments, while granting Appellee, Brittany Kier's, request to modify the stipulated child custody judgment. Finding no manifest error on the part of the trial court, we now affirm.

## ISSUES FOR REVIEW

We must decide:

1. whether the trial court erred in denying Appellant's request for modification of child support based on his unemployment; and

2. whether the trial court erred in modifying the stipulated child custody judgment.

## FACTS AND PROCEDURAL HISTORY

Richard Brandon Kyle and Brittany Kier entered a stipulated judgment for custody of their one minor child on August 31, 2015. This judgment also established child support at $700.00 a month, paid by Mr. Kyle to Ms. Kier.

Mr. Kyle filed a Motion to Modify Child Support in September 2016. Mr. Kyle asserted he became unemployed and cannot be employed due to a physical injury that has led to the degeneration of his lumbar and cervical spine. Mr. Kyle asserts he is entitled to have the child support payments modified and seeks a reduction of his child support payments to the statutory minimum, $100.00.

In support of his claim that he cannot be employed, Mr. Kyle testified that he sustained an injury to his neck and back. Mr. Kyle could not recall when the injury occurred. However, Mr. Kyle related the continuing pain to a stabbing that occurred in 2004, prior to any custody litigation, but asserts the pain became unbearable after completing yard work. Based on his medical records, that injury

appears to have occurred sometime in June, 2016. At the hearing on Appellant's Motion to Modify Child Support, Mr. Kyle introduced certified medical records from Dr. Troy Vaughn. According to the records, Dr. Vaughn began treating Mr. Kyle in July, 2016. Included in those records is a letter dated September 2, 2016, in which Dr. Vaughn opines Mr. Kyle is "unable to work on a sustained basis" and "unable to resume gainful employment" due to a neck/back injury.

Additionally, in support of his claim of lack of income, Mr. Kyle testified that his parents currently pay all of his living expenses and child support. Mr. Kyle's pay stubs and tax returns for 2013 and 2014 were also introduced into evidence by Appellee and show that prior to his injury's progression, Mr. Kyle worked in 2013 and 2014, and had an adjusted gross income of $76,115 in 2014. Mr. Kyle left his job for an unknown reason, and began remodeling a home with the idea of flipping it. However, before he could finish the remodel, Mr. Kyle alleges his injuries became worse, preventing him from working altogether. Mr. Kyle's father, Richard Dale Kyle,[1] testified he pays all of his son's expenses. Richard Kyle further testified that he hopes his son will pay back the money, considers the money to be a loan, but would also do whatever it takes for his son. Mr. Kyle testified that he also considers the money from his parents to be a loan.

At the hearing, Ms. Kier presented testimony that Mr. Kyle has a dog breeding hobby. He attends dog shows in places such as Georgia, Dallas, and New Orleans. He would travel by car, with another person driving. Mr. Kyle also testified that in the last five years he has applied for social security disability

---

[1] To avoid confusion between both Richard Brandon Kyle (Appellant) and Richard Dale Kyle (his father), we will refer to Appellant as "Mr. Kyle" and the father as "Richard Kyle."

benefits once, but was denied. He asserts he recently applied before the hearing, but was not receiving any disability benefits at the time of the hearing.

The trial court denied Mr. Kyle's Motion to Modify Child Support, finding insufficient evidence upon which to base a modification. The trial court also amended the custody agreement at Ms. Kier's request to prohibit overnight guests of the opposite sex, not related by blood or marriage, while the parent is exercising custody.[2]

Ms. Kier's request for modification of the child custody agreement was made orally during the hearing. No written motion was made. Ms. Kier referenced the parties and the judge having discussed overnight guests "in the back." Thereafter the trial court asked if Ms. Kier wanted to make that request during the hearing, and she did. Although opposing counsel objected, both parties continued to question the witnesses regarding custody issues.

Mr. Kyle now appeals the December 12, 2016 Judgment. He asserts (1) the trial court erred in denying his motion for modification of child support under La.R.S. 9:315, and (2) the trial court impermissibly expanded the pleadings and ruled on modifying the stipulated custody judgment without any showing of detriment to the child.

## MODIFICATION OF CHILD SUPPORT

Mr. Kyle contends that the trial court erred in denying his motion for modification of child support because he asserts he is unemployed, has no income, and cannot work. For the following reasons, we disagree and find that the trial

_____

[2] A motion for contempt filed by Ms. Kier was also at issue at this hearing. Ms. Kier agreed to withdraw the motion during the hearing. Therefore, the trial court dismissed Ms. Kier's Motion for Contempt in its Judgment.

court properly concluded that Mr. Kyle did not meet his burden of proof to show a modification is necessary.

*Standard of Review*

A trial court's factual findings may not be set aside absent manifest error or unless they are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, *writ denied*, 06-435 (La. 4/28/06), 927 So.2d 295; *Cole v. Cole*, 13-1442 (La.App. 3 Cir. 6/4/14), 139 So.3d 1225.

To reverse a trial court's factual findings, a two tiered test is applied:

1. "the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and"

2. "the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous)."

*McCorvey*, 922 So.2d at 696.

*Law and Discussion*

"An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary." La.Civ.Code art. 142. Child support will not be modified absent a material change in circumstances of one of the parties since the previous award. *Cole*, 139 So.3d 1225. The party seeking child support modification has the burden of proving there has been a material change in circumstances. La.R.S. 9:311(A)(1); *Cole*, 139 So.3d 1225. Therefore, in this case, Mr. Kyle had the burden of proving there was a material change in circumstances.

4

A "material" change in circumstance is a change "having real importance or great consequences for the needs of the child or the ability to pay of either party." La.R.S. 9:311(A)(1) cmt (A); *Cole*, 139 So.3d at 1229. Louisiana jurisprudence distinguishes a *voluntary* change in circumstance, which generally does not justify modification of child support, from an *involuntary* change in circumstance. *State Dep't. of Children and Family Servs. In Interest of E.G., II v. Jones*, 14-918 (La.App. 5 Cir. 4/15/15), 170 So.3d 297.

An involuntary change in circumstance is a change resulting from a fortuitous event or circumstances beyond the party's control, for example, loss of position or illness. *Id*. In the case of employment and income, a party will be excused from its child support obligation if it appears the party is not only unemployed, but unemployable. *Chaudoir v. Chaudoir*, 446 So.2d 951 (La.App. 3 Cir. 1984); *State v. Moore*, 98-1243 (La.App. 3 Cir. 12/9/98), 722 So.2d 112.

Under some circumstances, even voluntary underemployment or unemployment may justify modifying child support. *State Dep't. of Children and Family Servs. In interest of E.G., II*, 170 So.3d 297. If the obligor parent can prove "(1) a change in circumstances occurred; (2) the voluntary change is reasonable and justified; (3) the parent is in good faith and not attempting to avoid his or her alimentary obligation; and (4) the action will not deprive the child of continued reasonable financial support," a modification may be made. *Id*. at 299.

In the case of *State Department of Children and Family Services In Interest of E.G., II*, the mother retired in order to pursue a full-time education. By doing so, the mother would complete her degree more quickly. A degree would advance her career and increase her income. The trial court determined the mother's

voluntary unemployment was for the betterment of her child and reduced her child support payments. The appellate court affirmed.

On the other hand, "[i]f the obligor party is absolutely unemployable or incapable of being employed, or if the circumstances resulting in his under/unemployment arise through no fault of the obligor party, then that party is not deemed to be *voluntarily* under/unemployed." *McDaniel v. McDaniel*, 03-1763, p. 4 (La.App. 3 Cir. 5/19/04), 878 So.2d 686, 689 (emphasis added). Additionally, a party who is physically or mentally incapacitated is not *voluntarily* unemployed or underemployed. La.R.S. 9:315.11.

Based on the record Mr. Kyle appears to be unemployed. According to Mr. Kyle, the only income he receives comes from his parents. Ms. Kier, Appellee, also testified that Mr. Kyle is unemployed. However, there is a question as to whether Mr. Kyle derives any income from his dog breeding hobby. While Mr. Kyle testified that he has not sold a dog, Ms. Kier testified that Mr. Kyle engages in breeding and selling the dogs. Mr. Kyle provided his own testimony and that of his father to evidence his unemployment and zero income, yet he is physically able to travel to dog shows. Thus, the question is whether Mr. Kyle is voluntarily or involuntarily unemployed. If the latter, Mr. Kyle must also be unemployable in order to have his child support reduced or excused.

After reviewing the evidence and acknowledging the discretion given to the trial court in factual and credibility determinations, we find Mr. Kyle is voluntarily unemployed. Whether a party is voluntarily unemployed is a question of the good faith of the party cast with paying child support. *McDaniel*, 878 So.2d 686. Witness credibility determinations are within the wide discretion of the trial court.

Factual findings regarding a party's good faith in ending or reducing his income will not be disturbed absent an abuse of discretion. *Id.*; *McCorvey*, 922 So.2d 694.

In *Anderson v. Anderson*, 11-864 (La.App. 5 Cir. 5/31/12), 96 So.3d 1278, the fifth circuit found the trial court correctly attributed no income to Ms. Anderson. Ms. Anderson testified she received social security disability benefits and was found to be disabled by the Social Security Administration. She was disabled, unable to work, and, therefore, not voluntarily unemployed.

Mr. Kyle asserts he is not employed because of his physical injury. Mr. Kyle asserts he cannot work due to a neck and back injury and introduced medical records from Alexandria Neurosurgical Clinic and Dr. Vaughn. Mr. Kyle's initial consultation progress note dated July 5, 2016, reported a history of neck pain that was tolerable until approximately three weeks prior to his appointment. The progress note further indicates Mr. Kyle reported he typically repairs rental houses, but stopped working three weeks prior when his pain worsened. Mr. Kyle's imaging studies showed a right C5-6 disc herniation.

Dr. Vaughn of Alexandria Neurosurgical Clinic penned a note dated September 2, 2016, regarding Mr. Kyle's condition. Dr. Vaughn states, "My Patient, Richard Kyle, has been diagnosed with Cervical Degenerative Disc Disease and also Lumbar Spinal Stenosis. Mr. Kyle is limited in his daily activities and is unable to work on a sustained basis." Dr. Vaughn further opines, "Mr. Kyle is unable at the time to resume any type of gainful employment due to his degeneration of his lumbar and cervical spine. My expectation is that Mr. Kyle will see a continued decline in function over time."

On the other hand, Ms. Kier asserts Mr. Kyle is voluntarily unemployed. Mr. Kyle testified he travels to dog shows out of town and out of state, is engaged

in a dog breeding hobby, mows his grass, and was denied Social Security Disability. Mr. Kyle testified that sitting and riding in a car to dog shows is no different than lying down. Richard Kyle's testimony also confirms Mr. Kyle engages in these activities. Mr. Kyle was also unable to testify when he last worked and when he last applied for social security disability benefits.

Mr. Kyle did not prove there are no jobs he would be able to do due to his injury. Instead, the record shows Mr. Kyle is capable of doing some work, as evidenced by his dog breeding hobby. The trial court clearly found it did not have sufficient evidence to modify child support. Mr. Kyle had the burden of proving a material change in circumstance, and the trial court correctly found he provided insufficient evidence to meet that burden. The trial court's factual conclusions and witness credibility determinations are reviewed for manifest error.

We affirm the trial court's finding that Mr. Kyle did not carry his burden in proving a material change in his circumstance warranting a modification and reduction of his child support payments.

## MODIFICATION OF CUSTODY AGREEMENT

Mr. Kyle also contends that the trial court committed legal error by modifying the stipulated judgment regarding terms of custody because the issue of overnight guests during custody was not raised by pleading.

### *Standard of Review*

Whether a trial court properly allowed enlargement of the pleadings is a legal question. *See Galland v. Galland*, 12-1075 (La.App. 3 Cir. 3/20/13), 117 So.3d 105. Questions of law require de novo review. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. Under a de novo review, the appellate court must review the record in its entirety, giving no special weight to the trial

8

court's determinations. *Id.* Although the trial court is afforded great deference in child custody determinations, a judgment rendered beyond the pleadings is a nullity. *Ussery v. Ussery*, 583 So.2d 838 (La.App. 2 Cir. 1991).

### *Law and Discussion*

Under La.Code Civ.P. art. 862, a trial court can render a final judgment granting relief to which a party is entitled, even when that relief is not requested in the pleadings. *Ussery*, 583 So.2d 838. "Accordingly, 'under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted*.'" *Domingue*, 996 So.2d at 657 (quoting *Ussery*, 583 So.2d at 841). "However, nothing in the article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Ussery*, 583 So.2d at 841; *Galland*, 117 So.3d 105, *Domingue*, 996 So.2d 654.

Louisiana Code of Civil Procedure Article 1154 also provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Louisiana courts have allowed pleadings to be amended in open court or based on the evidence presented. In *Gerhardt v. Gerhardt*, 46,463 (La.App. 2 Cir. 5/18/11), 70 So.3d 863, the second circuit upheld the trial court's designation of sole custody to the father, despite the fact he did not request such relief in the pleadings or in open court. The issue of custody was before the court after the father filed a motion for contempt and suspended visitation, and the mother prayed for sole custody. The *Gerhardt* trial court examined evidence presented by both parties and then ruled outside the pleadings based on that evidence. The second circuit also points out that, although the father did not pray for sole custody, the mother did. The mother was therefore on notice that custody was an issue before the court.

Again, the second circuit in *McEachern v. Langley*, 47,872 (La.App. 2 Cir. 1/16/13), 109 So.3d 938, affirmed the trial court's expansion of the pleadings. The appellant filed a petition for contempt and change of custody. The appellee filed no responsive pleadings. The trial court issued a judgment maintaining the appellee's sole custody, and reducing the appellant's visitation. The appellant argued such alteration was in error absent any pleadings or relief requested by the appellee. During the related hearing, the court received evidence from a licensed counselor expressing concern regarding visitation with the appellant. This evidence prompted the trial court to alter the appellant's visitation, despite the appellee's failure to request that relief. The appellate court cited *Gerhardt* in support of its affirmation, finding a trial court may expand the pleadings based on the evidence presented: "In this case, the trial court clearly explained its reasons for judgment, which were supported by the evidence presented by the parties. . . .

The trial court correctly ruled outside the pleadings based on that evidence, using the best interest of the child standard." *Id*. at 941.

In this case, while neither party requested a modification to the custody arrangement in their pleadings, Ms. Kier requested the modification in open court. Specifically, while Ms. Kier was under direct examination, her counsel began questioning her regarding visitation issues:

> Q.      Ms. Kier, have you ever had any problems with [T.K.][3] spending the night with his father?
>
> A.      Yes.  Yes, ma'am.
>
> Q.      Can you tell me what those are?
>
> A.      Sure.  He . . . there . . . it happened twice.  He came home with ink prints.
>
> Mr. Boyett:
> Your Honor, I'm going to object to impermissible expansion of the pleadings.  We're not here on custody issues, we're here on child support and contempt for – for picking up at a daycare.
>
> The Court:
> Ms. Fiser?
>
> Ms. Fiser:
> Well, I'll pass that one, Judge, but we did discuss the overnight visitation in the back, and I would like to bring that up.
>
> The Court:
> All right. Are you asking that anything be changed in the judgment that is now present?
>
> Ms. Fiser:
> I'd ask that both parties be . . . are not to have an overnight guest of the opposite sex to whom they are not related, spend the night while they're having custody of the child.  As I understand, that it's a standard provision that you like to have in the

_____
[3] The minor's initials are used to protect the confidentiality of the minor in accordance with Uniform Rules- Court of Appeal, Rules 5-1, 5-2.

. . . .

The Court:
It is. It's a standard provision. I mean, you're supposed to be spending time with your child. You don't have time for somebody else overnight. So I'm just telling both of y'all. When you've got the child, no overnight guest of the opposite sex.

Ms. Fiser:
So you're just ruling over that – on that right now, Judge?

The Court:
I – I'm going to put that in regardless of whatever judgment I change or not change.

Ms. Fiser:
Okay.

Although Mr. Kyle did initially object to Ms. Kier's request to expand the pleadings regarding overnight custody issues, Mr. Kyle went on to cross examine Ms. Kier regarding custody arrangement issues. Both parties' counsel questioned Ms. Kier about the custody arrangement. Consequently, the door was opened for the custody arrangement issue to be considered.

Moreover, the trial court has the authority under La.Code Civ.P. arts. 862 and 1154 to award relief not specifically requested in the pleadings when such relief is regularly brought before the court. "[T]he court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits." La.Code Civ.P. art. 1154.

Ms. Kier brought the issue of the overnight guest provision before the court in open court, after it was discussed in chambers. Though Mr. Kyle did object to

her bringing the issue before the court, he did not object to the court's ruling on the issue in open court and the parties moved on to question Ms. Kier about custody related matters. Accordingly, we find that the trial court correctly considered the custody arrangement issue given the expansion of the pleadings based on the evidence presented.

However, whether the issue was properly raised does not end the inquiry to this assignment of error. The question remains whether the trial court was presented with sufficient evidence to modify the stipulated judgment. A trial court's child custody determination is to be afforded great deference. *McManus v. McManus*, 13-699 (La.App. 3 Cir. 12/11/13), 127 So.3d 1093. "An appellate court should be reluctant to interfere with custody plans implemented by the trial court in the exercise of its discretion." *Gerhardt*, 70 So.3d at 868.

When modifying a custody award, the Louisiana Supreme Court holds the "overarching inquiry" in an action to change custody is "the best interest of the child." *Tracie F. v. Francisco D.*, 15-1812, p. 1 (La. 3/15/16), 188 So.3d 231, 235. Additionally, when the custody decree at issue is a stipulated judgment, "the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." *Tracie F.*, 188 So.3d at 239-40.

The parties did not present evidence pertaining to overnight guests. However, Ms. Fiser's comment makes it evident some discussion occurred in chambers on the subject: "Well, I'll pass that one, Judge, but we did discuss the overnight visitation in the back, and I would like to bring that up." The trial court also commented that the provision is standard, and its purpose is to ensure the

parent is spending time with the child, not with guests. This modification regarding overnight guests is obviously in the best interest of the child.

Based on our review of the record, we find the issue of modification was properly raised in open court, and there was no error in the trial court's modification. The trial court's judgment is affirmed.

## CONCLUSION

For these reasons, we find the trial court did not err in denying Appellant's motion for modification of child support and grant of Appellee's modification of child custody. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant.

**AFFIRMED.** THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.